**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HINCHLIFFE SPORTS PARTNERS, LLC d/b/a COSMOS, | Civil Case No. _____ |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| FOOTBALL IS FOR THE FANS LTD., FOOTBALL IS FOR THE FANS, INC., and SCOTT MICHAELS, | |
| Defendants. | |

Plaintiff Hinchliffe Sports Partners, LLC d/b/a Cosmos ("Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendants Football Is For The Fans Ltd., Football Is For The Fans, Inc., and Scott Michaels (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.     This is a civil action for trademark infringement, trademark counterfeiting, cybersquatting, trademark dilution, false advertising, false designation of origin, unfair competition, passing off, and related state and common law claims, and tortious interference with prospective business advantage arising from Defendants' infringing and unlawful conduct. Plaintiff seeks preliminary and permanent injunctive relief, recovery of damages, Defendants' profits, treble damages, statutory damages, costs, attorneys' fees, and such other relief as the Court deems just and proper.

## THE PARTIES

2.     Plaintiff Hinchliffe Sports Partners, LLC d/b/a Cosmos is a limited liability company duly organized and existing under the laws of the State of Delaware that has its principal

place of business at 186 Maple Street, Paterson, New Jersey 07522 United States.

3.     Upon information and belief, Defendant Football Is For The Fans Ltd. is a limited company duly organized and existing under the laws of the United Kingdom that has a principal place of business at 82 James Carter Road, Suite A, Mildenhall, IP28 7DE United Kingdom.

4.     Upon information and belief, Defendant Football Is For The Fans, Inc. is a corporation duly organized and existing under the laws of the State of Delaware that has a principal place of business at 701 Tillery Street, Unit 12-3057, Austin, Texas 78702 United States.

5.     Upon information and belief, Defendant Scott Michaels is an individual and a citizen of the United Kingdom, and the organizer, managing member, principal owner and operator of, and the moving and active force behind, Defendant Football Is For The Fans, Inc. and Defendant Football Is For The Fans Ltd.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, as the claims arise under federal trademark law, and § 1367, as the state law claims are so related to the federal claims that they form part of the same case or controversy.

7.     Defendants are subject to this Court's personal jurisdiction because, upon information and belief, they have sufficient minimum contacts with this District, including conducting business, committing tortious acts, and engaging in conduct giving rise to the claims alleged herein such that assertion of jurisdiction over Defendants does not offend due process and Defendants should reasonably expect their actions to have consequences in New York.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391, as, upon information and belief, Defendants are subject to personal jurisdiction here, and a substantial part of the events giving rise to the claims alleged herein occurred in this District, and/or the harm to Plaintiff has

occurred in this district.

## FACTUAL ALLEGATIONS

### *Plaintiff's Business and the Cosmos Marks*

9.      Founded in 1971, the Cosmos soccer club is one of the most famous and influential soccer clubs in the United States.  In its early days, the club signed one of the world's most recognizable athletes, three-time World Cup champion Pelé, to a highly publicized, multi-year contract. Thereafter, the club assembled an unrivaled roster of additional global superstars, including Franz Beckenbauer, Giorgio Chinaglia and others, leading to four North American Soccer League ("NASL") championships in 1972, 1977, 1978, and 1980 and establishing the Cosmos as the preeminent club in American soccer.

10.      The Cosmos quickly gained fame throughout the United States and globally. Publications such as *The Washington Post*, *Sports Illustrated*, *Time*, and *The New York Times* frequently ran features on the Cosmos and the club's dramatic rise to fame was later chronicled in the bestselling book and Miramax motion picture "Once in a Lifetime: The Incredible Story of the New York Cosmos."

11.      After a hiatus, the Cosmos was relaunched in 2010 under Cosmos Soccer Club LLC, and went on to win three championships in the NASL in 2013, 2015 and 2016, and to play in the National Independent Soccer Association ("NISA") in 2020.

12.      During the COVID-19 pandemic, the Cosmos paused professional team operations, but maintained use of the COSMOS mark and variants thereof (collectively, the "Cosmos Marks") in interstate commerce, including, without limitation, by providing soccer-related audio/visual content on its website www.nycosmos.com (the "Cosmos Website"), on licensed apparel, and in connection with licensed youth soccer exhibitions and educational programs.  The Cosmos Marks

were also used in connection with a sponsorship of NISA until 2024.

13.    Cosmos Soccer Club LLC used the Cosmos Marks in interstate commerce until July 10, 2025, when Plaintiff Hinchliffe Sports Partners, LLC acquired all right, title, and interest in the Cosmos brand from Cosmos Soccer Club LLC, after months of negotiations (the "Transaction").

14.    Upon closing, Plaintiff publicly announced a high-profile relaunch of the Cosmos soccer club, confirming the team would re-enter professional competition in the United Soccer League ("USL") beginning Spring 2026 with home matches at the historic Hinchliffe Stadium in Paterson, New Jersey.

15.    Picking up where its predecessor left off, Plaintiff is using the Cosmos Marks in interstate commerce in connection with  shirts, scarves, and promotional merchandise. The Cosmos' professional soccer exhibitions and matches are expected to begin in March 2026 with training starting as soon as January 2026.

16.    Plaintiff is the exclusive owner of the Cosmos Marks and the United States trademark registrations for the Cosmos Marks covering, *inter alia*, clothing and entertainment services in the nature of soccer exhibitions, as follows:

| Reg. No. | Trademark | Goods/Services |
| --- | --- | --- |
| 4202644 | NEW YORK COSMOS | Class 25: T-shirts, jerseys, jackets, headwear |
| 4202645 | NEW YORK COSMOS | Class 41: Entertainment services in the nature of soccer exhibitions, soccer games and soccer tournaments; soccer camps; soccer instruction; organizing sporting events, namely, soccer competition |
| 3642948 | COSMOS | Class 25: T-shirts, jerseys |
| 4202646 | COSMOS | Class 41: Entertainment services in the nature of soccer exhibitions, soccer games and soccer tournaments; soccer camps; soccer instruction; organizing sporting |

| | | events, namely, soccer competition |
|---|---|---|
| 6782622 | | Class 41: Providing a website featuring non-downloadable video and audio clips, film clips, photographs, text, and other multimedia materials in the field of soccer and sports |
| 3642933 | | Class 25: T-shirts, jerseys, jackets, headwear, warmup suits, robes |
| 4194899 | | Class 41: Entertainment services in the nature of soccer games, soccer camps; soccer instruction |
| 3451687 | | Class 25: Jerseys<br><br>Class 41: Education and instruction services, namely, providing training and instructions relating to soccer |
| 4522113 | | Class 25: Clothing, namely, jerseys, shirts, t-shirts<br><br>Class 38: Audio and video broadcasting services over the Internet<br><br>Class 41: Education and entertainment services in the nature of conducting sports exhibitions in the field of soccer, soccer games, soccer tournaments and soccer camps; Education and entertainment services, namely, providing training and instruction via classes, seminars and workshops in the field of soccer; Organizing sports events, namely, soccer competitions<br><br>Class 42: Education and entertainment services in the nature of providing electronic media, informational audio clips, video clips, film clips, photographs, multimedia materials and information in the field of sports |

(collectively, hereinafter, the "Cosmos Registrations").  True and correct copies of the Cosmos Registrations are attached hereto as **Exhibit A** and incorporated herein by reference. Each of the foregoing registrations is valid and subsisting, with all Cosmos Registrations being incontestable except for Registration No. 6782622.

17.    Through decades of long standing use, widespread promotion, and commercial success, members of the public have come to associate the Cosmos Marks exclusively with a single source—the Cosmos. Moreover, the Cosmos Marks became famous and distinctive in the United States long before the Defendants' complained-of-acts alleged herein. Consequently, the Cosmos Marks are an invaluable asset of Plaintiff.

*Defendants' Infringing Activities*

18.    Despite overtly acknowledging the legacy, identity, and cultural significance of the "iconic New York Cosmos", Defendants have engaged in a deliberate, systematic, and willful scheme to usurp Plaintiff's rights in and to the Cosmos Marks by falsely claiming ownership thereof and exploiting them in United States commerce without authorization.  Such acts have caused a likelihood of confusion among the public.

19.    To further their efforts to usurp Plaintiff's exclusive rights in the Cosmos Marks, beginning in mid-June, Defendants filed multiple trademark applications in the United States Patent and Trademark Office ("USPTO") based on an "intent to use" for marks identical or substantially indistinguishable from Plaintiff's Cosmos Marks, namely:

| App. No. / Filing Date | Trademark | Goods/Services | Applicant |
|---|---|---|---|
| 99232515<br><br>June 13, 2025 | NEW YORK COSMOS | Class 25: T-shirts; Soccer jerseys; Sweatshirts; Hoodies; Sports jackets; Hats; Beanies; Scarves; Socks; Warm-up suits; Shorts.<br><br>Class 41: Organizing, conducting and operating | Defendant Football Is For The Fans Ltd. |

| | | soccer tournaments; Sports training services in the field of soccer; Entertainment services in the nature of production of professional soccer matches, league competitions, exhibition games, soccer tournaments, skills showcases, training clinics, and fan festivals; Production and distribution of videos in the field of soccer matches and club culture via broadcast television, social media, websites, and mobile platforms. | |
|---|---|---|---|
| 99240404<br><br>June 18, 2025 | NEW YORK COSMOS FC | Class 25: T-shirts; Soccer jerseys; Sweatshirts; Hoodies; Sports jackets; Hats; Beanies; Scarves; Socks; Warm-up suits; Shorts.<br><br>Class 41: Organizing, conducting and operating soccer tournaments; Sports training services in the field of soccer; Entertainment services in the nature of production of professional soccer matches, league competitions, exhibition games, soccer tournaments, skills showcases, training clinics, and fan festivals; Production and distribution of videos in the field of soccer matches and club culture via broadcast television, social media, websites, and mobile platforms. | Defendant Football Is For The Fans Inc. |
| 99273334<br><br>July 8, 2025 | THE COSMOS | Class 25: Clothing, namely, retro-inspired sportswear and athletic apparel, including vintage-style jerseys, shorts, socks, jackets, warm-up suits, hats, scarves, sweatshirts, polo shirts, and traditional team merchandise branded with THE COSMOS soccer club identity.<br><br>Class 41: Entertainment services in the nature of organizing social entertainment events; Entertainment services, namely, arranging and conducting of competitions in the field of soccer; Entertainment services in the nature of professional athletes competing in soccer; Entertainment services in the nature of organization, promotion, and presentation of athletes competing in heritage-style professional soccer matches and tournaments; Entertainment services in the nature of production of retro-themed multimedia content about THE COSMOS soccer club.; Entertainment services in the nature of production of heritage-style professional | Defendant Football Is For The Fans Ltd. |

| | | soccer matches, tournaments and exhibitions, historical sporting event recreations, and fan engagement attractions. | |
|---|---|---|---|

(collectively, hereinafter, the "Infringing Applications"). Notably, the Infringing Applications cover identical and near identical goods and services to those covered by the Cosmos Registrations. Moreover, the signatories in the Infringing Applications falsely declared that "*no other persons…have the right to use the mark in commerce.*"  True and correct copies of status reports for the Infringing Applications from the USPTO Trademark Status & Document Retrieval system are attached hereto as **Exhibit B** and incorporated herein by reference.

20.    Defendants also filed trademark applications for COSMOS and variants thereof in several countries outside the United States, in violation of Plaintiff's exclusive trademark rights in the Cosmos Marks in those countries.

21.    Continuing its efforts to confuse the public and usurp Plaintiff's trademark rights, Defendants recently registered the domain names <nycosmos1970.com> and <newyorkcosmosfc.com> (collectively, the "Infringing Domain Names"), each of which incorporates one or more of the Cosmos Marks.  Defendants are using the Infringing Domain Names to promote, *inter alia*, a purported "revival" of the Cosmos soccer club slated to "launch in 2025."  The <nycosmos1970.com> domain automatically redirects users to the website at www.newyorkcosmosfc.com, which flagrantly proclaims, "**THE NEW YORK COSMOS ARE BACK**".  True and correct copies of representative screenshots captured from www.newyorkcosmosfc.com are attached hereto as **Exhibit C**.

22.    Defendants also maintain a website at <footballisforthefans.com>, used in connection with the advertising and sale of apparel and other merchandise, expressly targeting United States consumers. For example, Defendants recently offered for sale "A Classic Reborn –

NY Cosmos 1970™ Tee" (the "Counterfeit Tee-shirt"). True and correct screenshots of Defendants' website displaying the Counterfeit Tee-shirt are attached hereto as **Exhibit D** and incorporated herein by reference.

23.     Defendants accepted, at a minimum, an order for two units of the Counterfeit Tee-shirt from a consumer located within this District and received payment for the Counterfeit Tee-shirts. Thereafter, Defendants eventually issued a refund of the purchase price, seemingly in an effort to avoid the exercise of personal jurisdiction by this Court. Nevertheless, Defendants' acts subject it to personal jurisdiction under N.Y. CPLR § 302(a)(1); *see American Girl, LLC v. Zembrka,* 118 F.4th 271, 277-278 (2d Cir. Sept. 17, 2024). True and correct printouts of the receipt for the Counterfeit Tee-shirt are attached hereto as **Exhibit E** and incorporated herein by reference.

24.     Defendants' infringing activity extends beyond the Counterfeit Tee-shirt. Defendants launched a multi-channel predatory campaign—including a Regulation Crowdfunding offering on Wefunder—falsely claiming exclusive rights to the Cosmos brand in order to solicit financial investments from unsuspecting investors. Critically, many people have already been misled by Defendants' illicit conduct:



Defendants are also actively soliciting corporate sponsorships under the Cosmos Marks. True and correct screenshots of Defendants' various crowdfunding pages are attached hereto as **Exhibit F** and incorporated herein by reference.

25.     Defendants' wrongful and intentional conduct interfered with—at a minimum—one of Plaintiff's prospective business relationships, causing the loss of a potential investor and

resulting in economic harm.

26.    Defendants' infringing conduct has persisted despite a cease-and-desist letter sent by Plaintiff's predecessor-in-interest on June 10, 2025, prior to the closing of the Transaction, and despite Defendants' knowledge of Plaintiff's acquisition of the Cosmos Marks.

27.    By reason of the foregoing acts, Defendants have used in commerce counterfeit and infringing marks that are identical to, or substantially indistinguishable from, Plaintiff's Cosmos Marks in connection with the promotion and/or sale of goods and services identical to those covered by Plaintiff's Cosmos Registrations—namely, clothing and soccer exhibitions—and offered and promoted by Plaintiff.  Defendants have also used the Cosmos Marks in the Infringing Domain Names and in connection with the solicitation of financial investments to fund the creation of a soccer club and merchandise related thereto.  As a result, Defendants' actions are likely to cause confusion, mistake, and deception among consumers as to the source, affiliation, and sponsorship of Defendants' goods and services, and are diluting the distinctiveness of Plaintiff's famous Cosmos Marks.

28.    Upon information and belief, prior to and contemporaneous with its unlawful actions alleged herein, Defendants had knowledge of the ongoing use of the Cosmos Marks in commerce by Plaintiff and/or its predecessor, of Plaintiff's or its predecessor's ownership of the Cosmos Marks, and of the extraordinary fame and strength the Cosmos Marks, and yet willfully persisted in their illicit and infringing conduct.

29.    Defendants' infringing and illicit actions have caused, and unless enjoined will

continue to cause, immediate and irreparable harm to Plaintiff's goodwill and reputation.

## COUNT I
### Trademark Infringement
### (15 U.S.C. § 1114)

30.    Plaintiff realleges and incorporates herein by reference each of the foregoing allegations as if fully set forth herein.

31.    Defendants' conduct constitutes willful trademark infringement of the Cosmos Marks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II
### Trademark Counterfeiting
### (15 U.S.C. § 1114(1)(a)-(b))

32.    Plaintiff realleges and incorporates herein by reference each of the foregoing allegations as if fully set forth herein.

33.    Defendants' conduct constitutes willful trademark counterfeiting of the Cosmos Marks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT III
### Cybersquatting
### (15 U.S.C. § 1125(d))

34.    Plaintiff realleges and incorporates herein by reference each of the foregoing allegations as if fully set forth herein.

35.    Defendants' conduct constitutes willful cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

## COUNT IV
### Trademark Dilution
### (15 U.S.C. § 1125(c))

36.    Plaintiff realleges and incorporates herein by reference each of the foregoing allegations as if fully set forth herein.

37.    Defendants' aforementioned acts are likely to cause dilution by blurring and/or

dilution by tarnishment of Plaintiff's famous and distinctive Cosmos Marks in violation of § 43(c), of the Lanham Act 15 U.S.C. § 1125(c).

## COUNT V
### False Designation of Origin, Unfair Competition, and Passing Off
### (15 U.S.C. § 1125(a))

38.    Plaintiff realleges and incorporates herein by reference each of the foregoing allegations as if fully set forth herein.

39.    Defendants' conduct constitutes willful false designation of origin, unfair competition, and passing off in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT VI
### Injury to Business Reputation and Dilution of Trademark
### (N.Y. Gen. Bus. Law § 360-l)

40.    Plaintiff realleges and incorporates herein by reference each of the foregoing allegations as if fully set forth herein.

41.    Defendants' conduct is likely to injure Plaintiff's business reputation and dilute the distinctive quality of the Cosmos Marks in violation of N.Y. Gen. Bus. Law § 360-l.

## COUNT VII
### False Designation of Origin, Unfair Competition, and Passing Off
### (New York Common Law)

42.    Plaintiff realleges and incorporates herein by reference each of the foregoing allegations as if fully set forth herein.

43.    Defendants' conduct constitutes willful false designation of origin, unfair competition, and passing off in violation of New York Common Law.

## COUNT VIII
### Trademark Infringement and Unfair Competition
### (New York Common Law)

44.    Plaintiff realleges and incorporates herein by reference each of the foregoing

allegations as if fully set forth herein.

45.    Defendants' conduct constitutes willful trademark infringement of the Cosmos Marks in violation of New York Common Law.

## COUNT IX
### Tortious Interference With Prospective Business Advantage
### (New York Common Law)

46.    Plaintiff realleges and incorporates herein by reference each of the foregoing allegations as if fully set forth herein.

47.    As a direct and proximate result of Defendants' interference, Plaintiff's expected business relationships were disrupted or terminated.

48.    Plaintiff has suffered economic harm, including the loss of potential investment and other business opportunities.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor on all counts of this Complaint and grant the following relief:

1.    Preliminarily and permanently enjoin and restrain Defendants, their officers, subsidiaries, parents, divisions, agents, managing members, principal owners, servants, employees, attorneys, successors or assigns, and all persons or entities acting in concert or in participation with any of them, from directly or indirectly:

      i.    trafficking, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, or selling any goods or services in connection with the Cosmos Marks or any counterfeit, spurious imitation, copy, or colorable imitation thereof;

ii.    directly or indirectly infringing, in any manner, any of the Cosmos Marks or other intellectual property rights (whether now in existence or hereafter owned by Plaintiff);

iii.    using any reproduction, counterfeit, copy, or colorable limitation of Plaintiff's trademarks or other intellectual property rights (whether now in existence or hereafter created) including, without limitation, the Cosmos Marks, to identify any goods or services not authorized by Plaintiff's;

iv.    using any of Plaintiff's trademarks or other intellectual property rights (whether now in existence or hereafter created) including, without limitation, the Cosmos Marks, or any other marks that are confusingly similar to the Cosmos Marks on or in connection with Defendants' trafficking, manufacture, importation, exportation, advertising, marketing, promotion, distribution, offering for sale, and/or sale of goods or services;

v.    using, registering, trafficking in, or maintaining any domain name, mark, or designation, or engaging in any other conduct, likely to cause injury to Plaintiff's business reputation or to dilute the distinctive quality of the Cosmos Marks, including but not limited to the registration or use of domain names identical or confusingly similar to the Cosmos Marks;

vi.    using any name, mark, or designation or doing any other thing likely to cause injury to Plaintiff's business reputation or dilution of the distinctive quality of the Cosmos Marks;

vii.    using or making any other false designation of origin or false description or representation or engaging in any action which is likely to cause confusion

or mistake in the mind of the public or to deceive the public into believing that Defendants' business, services, and goods are in any way associated or affiliated with or related to Plaintiff's;

viii.    engaging in any activity that is likely to interfere with Plaintiff's business opportunities;

ix.    engaging in any actions that constitute unfair competition with Plaintiff's;

x.    engaging in any other act in derogation of Plaintiff's rights;

xi.    secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) the Counterfeit Tee-shirt (ii) any computer files, data, business records, documents, or any other records or evidence relating to the trafficking, manufacturing, importation, exportation, advertising, marketing, promotion, distribution, offering for sale, and/or sale of the Counterfeit Tee-shirt and/or illicit and infringing goods and services; and

xii.    instructing, assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in foregoing sub-paragraphs (i) through (ix);

2.    Award Plaintiff statutory damages of at least $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c); given that Plaintiff is aware of Defendants' use of at least two counterfeit marks in connection with the promotion and offer for sale of at least tee-shirts, Plaintiff requests an award of statutory damages pursuant to 15 U.S.C. § 1117(c) of at least $4,000,000.

3.      Award Plaintiff statutory damages of up to $100,000 per infringing domain name, pursuant to 15 U.S.C. § 1117(d); given that Plaintiff is aware of at least two infringing domain names, Plaintiff requests an award of statutory damages pursuant to 15 U.S.C. § 1117(d) of at least $200,000;

4.      Award Plaintiff three times Defendants' profits or three times Plaintiff's damages sustained as a result of Defendants' infringement of Plaintiff's trademarks and acts of unfair competition, passing off, false designation of origin, and dilution, whichever is greater, pursuant to 15 U.S.C. §§ 1117(a) and (b);

5.      Award Plaintiff its reasonable attorneys' fees, taxable costs, and disbursements, pursuant to 15 U.S.C. § 1117(a);

6.      Award Plaintiff damages sustained as a consequence of Defendants' common law trademark infringement and unfair competition;

7.      Award Plaintiff damages sustained as a consequence of Defendants' tortious interference with Plaintiff's prospective business;

8.      Award Plaintiff pre-judgment and post-judgment interest;

9.      Award Plaintiff such other and further relief as the Court deems just and proper.

Dated: August 22, 2025                          Respectfully submitted,
       New York, NY

                                                By:

                                                _____
                                                Robert M. Wasnofski, Jr.
                                                Sara Gates
                                                Grace A. Rawlins
                                                DENTONS US LLP
                                                1221 Avenue of the Americas
                                                New York, NY 10020-1089
                                                Phone: (212) 768-6748
                                                Fax: (212) 768 6800
                                                robert.wasnofski@dentons.com

sara.gates@dentons.com
grace.rawlins@dentons.com

*Attorneys for Plaintiff Hinchliffe Sports
Partners, LLC*

US_ACTIVE\131051733