UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HINCHLIFFE SPORTS PARTNERS, LLC d/b/a
COSMOS,

               Plaintiff,

-against-

FOOTBALL IS FOR THE FANS LTD., et al.,

               Defendant(s).

25-CV-06984 (MMG)

**PRELIMINARY INJUNCTION ORDER**

MARGARET M. GARNETT, United States District Judge:

    WHEREAS, Plaintiff Hinchliffe Sports Partners, LLC ("Plaintiff") having moved by Order to Show Cause for a temporary restraining order and preliminary injunction enjoining and restraining Football Is for the Fans Ltd.; Football Is For The Fans, Inc., and Scott Michaels (collectively, "Defendants") from using trademarks and names associated with the New York Cosmos; and Plaintiff's application for a temporary restraining order and preliminary injunction having been heard by the Court on September 15, 2025; and Defendants having been notified of said hearing, and Plaintiff having appeared by its counsel, and there having been no other appearance.

    WHEREAS (1) Plaintiff is likely to prevail on its Lanham Act and related state law claims at trial; (2) as a result of Defendants' infringements, Plaintiff is likely to suffer immediate and irreparable losses, damages and injuries; (3) the balance of potential harm to Defendants of being prevented from continuing their infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the New York Cosmos and to its reputation if the preliminary relief is not continued through the pendency of this action; and (4) the public interest

1

favors issuance of the preliminary injunction in order to protect Plaintiff's interests in and to its Cosmos Marks, and to protect from public confusion.

**PRELIMINARY INJUNCTION**

**IT IS HEREBY ORDERED THAT** Defendants, their affiliates, subsidiaries, parents, and their respective officers, agents, servants, attorneys, and employees, and all persons and entities in active concert or participation with them, are hereby immediately **ENJOINED**, to the extent their conduct is directed at persons in the United States, or their statements, representations, or infringing use are accessible to persons in the United States, from:

1.   Using any of the following trademarks, any other marks comprised of or incorporating the following marks (collectively, the "Cosmos Marks"), any marks confusingly similar thereto and/or counterfeits thereof, or any other Cosmos trademarks, names, or designations in connection with the trafficking, manufacture, importation, exportation, advertising, marketing, promotion, distributing, offering for sale, and/or sales of any products or services, including the solicitation of investments:

| Reg. No. | Trademark |
|---|---|
| 4202644 | NEW YORK COSMOS |
| 4202645 | NEW YORK COSMOS |
| 3642948 | COSMOS |
| 4202646 | COSMOS |
| 6782622 | NYC NEW YORK COSMOS (logo) |
| 3642933 | COSMOS (logo) |

| | |
|---|---|
| 4194899 | |
| 3451687 | |
| 4522113 | |

2.   Committing any acts calculated to cause the public to believe that any products or services advertised, promoted, marketed, sold, offered for sale or distributed under the Cosmos Marks are sold under the control or supervision of Cosmos when they are not;

3.   Selling, passing off, inducing, or enabling others to sell or pass off any products or services as Cosmos products or services or as products or services produced by or for Cosmos, which are not genuine Cosmos products or services, or are not authorized by Cosmos;

4.   Trafficking, manufacturing, importing, exporting, distributing, advertising, marketing, promoting, offering for sale, and/or selling goods and services, or any labels, stickers, tags, signs, prints, wrappers, packaging, literature, and all other materials bearing the Cosmos Marks or any other Cosmos trademarks;

5.   Infringing any Cosmos Marks or any other Cosmos trademarks or trade names, or copying any packaging, label, or other material utilized by Cosmos in connection with the distribution, offer for sale, and/or sale of any product or service without prior authorization from Cosmos;

6.    Using any counterfeit, copy, reproduction, or colorable imitation of any of the Cosmos Marks in connection with the promotion, advertising, offer for sale, or sale of any products or services;

7.    Making or using in connection with the sale of any products or services, a false description or representation including words or other symbols that falsely describe or represent, expressly or impliedly, such products or services as Cosmos products or services, respectively, and from offering such products or services in commerce;

8.    Diluting any of the Cosmos Marks or any other Cosmos trademarks;

9.    Continuing to operate the domains at <nycosmos1970.com> and newyorkcosmosfc.com>, or creating and/or using any domain name that is identical or confusingly similar to the Cosmos Marks or any other Cosmos trademarks;

10.    Destroying and/or failing to preserve any goods or services or records related to the trafficking, manufacturing, importing, exporting, distributing, advertising, marketing, promoting, offering for sale, and/or sale of any products or services purporting to be Cosmos products or services or other products or services using any of the Cosmos Marks and/or any other Cosmos trademarks;

11.    Claiming ownership over the Cosmos Marks or any team identified by the Cosmos Marks;

12.    Aiding or abetting any other person or entity engaging in or performing any of the acts referred to in paragraphs 1 through 10 above;

**IT IS FURTHER ORDERED THAT**, upon two (2) business days' written notice to the Court and counsel for Plaintiff, and Defendant or affected third party may, upon proper showing, appear and move for dissolution or modification of the provisions of this Order.

**IT IS FURTHER ORDERED THAT**, pending the final disposition of all claims in this action, all Defendants shall preserve all documents, electronically-stored information, and/or tangible things that may be relevant to the subject matter of, or reasonably calculated to lead to the discovery of admissible evidence in, this action, including any of the claims or defenses asserted herein, and maintain them in an accessible form and place.

### BOND

**IT IS FURTHER ORDERED THAT** a bond or undertaking in the amount of $5,000 be posted with the Clerk of Court by Plaintiff on or before **September 22, 2025**.

Dated: September 16, 2025
      New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge