UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**Hinchliffe Sports Partners LLC d/b/a "Cosmos,"**

Plaintiff,

v.

**Football Is For The Fans Ltd., Football Is For The Fans, Inc., and Scott Michaels,**

Defendants.

Case No. **1:25-cv-06984 (MMG)**

---

**DEFENDANTS' SPECIAL APPEARANCE, DECLARATION OF COMPLIANCE UNDER PROTEST, AND AMENDED MOTION TO DISSOLVE OR MODIFY PRELIMINARY INJUNCTION**

**HON. MARGARET M. GARNETT, United States District Judge:**

Defendants Football Is For The Fans Ltd. (UK), Football Is For The Fans, Inc., and Scott Michaels respectfully submit this amended filing to: (1) appear specially, solely to contest service and jurisdiction; (2) declare compliance under protest with the September 16, 2025 Preliminary Injunction; and (3) move to dissolve, or, in the alternative, narrowly modify that injunction.

# I. INTRODUCTION

This injunction rests on a single "test purchase" that was refunded the same day, never consummated, and predates Plaintiff's **effective** acquisition of the asserted registrations.

Plaintiff's pleading admits it has not fielded a team since 2020 and that Hinchliffe's assignment was **effective July 10, 2025** and **recorded August 6, 2025**, nearly two weeks after the refunded order. No Hague service has been perfected. The case was filed after, and has a **retaliatory and duplicative effect** relative to a prior-filed SDNY matter (Michaels v. Mediacom).

The Order is worldwide in reach, vague in scope, and secured by a **$5,000** bond that does not reflect the risk imposed. Under the **Second Circuit** standard, Plaintiff cannot meet the test for preliminary injunctive relief. See *Salinger v. Colting*, 607 F.3d 68, 79–83 (2d Cir. 2010).

## II. SPECIAL APPEARANCE & RESERVATION OF RIGHTS

Defendants specially appear **without waiving** objections to: (a) lack of valid service under the **Hague Service Convention** (Fed. R. Civ. P. 4(f); *Volkswagenwerk AG v. Schlunk*, 486 U.S. 694 (1988)); (b) lack of personal jurisdiction (*International Shoe Co. v. Washington*; *Walden v. Fiore*, 571 U.S. 277 (2014)); and (c) improper venue/forum. All compliance described herein is under protest and is not consent.

## III. FACTUAL BACKGROUND (Condensed)

- **June 27, 2025 — "Test purchase."** Plaintiff's investigator placed an order for two shirts. Payment was **refunded within hours** with explicit notice that fulfillment was not possible due to a trademark dispute. No product shipped; no payment retained. (**Ex. A**).

- **July 10, 2025 (effective) / August 6, 2025 (recorded) — Assignment.** Hinchliffe's assignment of the asserted registrations was **effective July 10, 2025** and **recorded**

- **August 6, 2025**. Thus, at the time of the refunded order, Plaintiff had not yet acquired the rights it asserts. (**Ex. B**).

- **Pre-injunction conduct.** Defendants removed COSMOS merchandise and crowdfunding references, posted public disclaimers, and disabled the operative website (the **<nycosmos1970.com>** domain functioned only as a forwarder). (**Ex. E**).

- **Sept. 8–15, 2025 — No Hague service; courtesy copies.** Plaintiff sought alternative (email) service and transmitted courtesy copies without exhibits, confirming no Hague service.

- **Sept. 16, 2025 — Preliminary Injunction entered.**

## IV. DECLARATION OF COMPLIANCE UNDER PROTEST

Defendants have disabled the operative site (now "coming soon"), paused COSMOS-related social media, and preserved ESI. Because the Order's boundaries are unclear, Defendants respectfully request that Plaintiff identify **with specificity** the URLs/domains/posts it contends are violative. Defendants will promptly remove items under their control; for independent third-party publications, Defendants will issue formal takedown requests but cannot compel compliance.

## V. GROUNDS FOR DISSOLUTION OR MODIFICATION

**Legal Standard.** A preliminary injunction requires Plaintiff to show (1) likelihood of success on the merits; (2) irreparable harm; (3) that the balance of hardships tips in Plaintiff's favor; and (4) that the public interest would not be disserved. *Salinger*, 607 F.3d at 79–83.

**A. Prior-Filed Mediacom Action (Duplicative/Retaliatory Effect).** This later-filed matter

overlaps issues raised in **Michaels v. Mediacom**, No. 1:25-cv-06596 (S.D.N.Y.), and has a retaliatory and duplicative effect relative to that earlier case.

**B. No Hague Service → No Jurisdiction.** Plaintiff's filings concede no Hague service was effected. Without compliance with Rule 4(f) and the Convention, the Court lacks personal jurisdiction over the foreign defendants. *Schlunk*, 486 U.S. 694.

**C. No Purposeful Availment.** Defendants have no U.S. offices, employees, or directed U.S. operations. Mere website accessibility is not purposeful availment. *Walden*, 571 U.S. at 285–86.

**D. The Refunded "Shirt Sting" Cannot Support Relief.** The sole alleged act is a **refunded**, pre-assignment test order, not tied to a consummated sale or shipment. That cannot establish likelihood of success or irreparable harm. See *Winter v. NRDC*, 555 U.S. 7 (2008); *Salinger*, 607 F.3d at 80–83. (**Ex. A**, **Ex. B**).

**E. Good-Faith Disclaimers Undercut Confusion.** Persistent website disclaimers disavowed affiliation/endorsement, undermining any claim of deception or irreparable harm. (**Ex. E**).

**F. Order Defects (Overbreadth, Vagueness, Bond).** The injunction restrains anything "accessible to persons in the U.S." — effectively the entire internet — and fails Rule 65(d)'s specificity requirement. See *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974). The **$5,000** bond is inadequate under **Rule 65(c)** given Defendants' quantified exposure.

**G. Courtesy Service & Withheld Exhibits.** Plaintiff's late "courtesy" transmissions, without exhibits, prejudiced a pro se UK defendant without PACER/ECF purchasing capability.

**H. Lawyer-as-Witness (Rule 3.7).** Plaintiff's counsel submitted factual declarations while

acting as advocates. Those should be disregarded or stricken.

**I. Time & Resources.** Mr. Michaels requested a reasonable extension to retain counsel and documented outreach/IFP constraints. Enforcing a sweeping PI without Hague service while denying time compounds due process concerns.

**J. Abandonment by Non-Use (Statutory Presumption).** Plaintiff pleads operations paused in **2020** and "matches are expected" only in **2026**. That six-year gap supports the **prima facie** presumption of abandonment. **15 U.S.C. § 1127** (non-use for 3 years = prima facie abandonment). (**Ex. H** excerpts).

**K. TTAB Proceedings Suspended.** Four TTAB cancellations (Nos. 92089013, 92088873, 92088620, 92088618) pre-date or run contemporaneously with this action. The PI now suspends those proceedings, freezing the forum designated to test validity while Plaintiff invokes contested rights.

**L. Bond Adequacy (Rule 65(c)).** The current **$5,000** bond is facially inadequate. **Exhibit C** quantifies **$9.25 million** in aggregate exposure, with a non-speculative **$5,000,000** Regulation Crowdfunding ceiling as a baseline (17 C.F.R. § 227.100 et seq.). Rule 65(c) requires security "proper to pay the costs and damages" if the injunction is later found wrongful; that cannot be satisfied by a nominal bond.

## VI. REQUESTED RELIEF

**WHEREFORE,** Defendants respectfully request that the Court:

1. **Dissolve** the Preliminary Injunction for lack of Hague service, lack of standing at the time of the alleged conduct, and reliance on abandoned/non-used marks; **or**, in the alternative,

2. **Modify** the injunction to:

   a. Limit scope strictly to **U.S.-directed commercial sales** (not global "accessibility");

   b. Expressly **exclude** commentary, nominative fair use, and petitioning activity before USPTO/TTAB/UKIPO/EUIPO/CIPO;

   c. Recognize **<nycosmos1970.com>** as a forwarding domain (not a storefront);

   d. Require Plaintiff to provide a **particularized list** of allegedly violative URLs/domains/posts before any contempt exposure; and

   e. **Increase the Rule 65(c) bond** to **no less than $5,000,000** (baseline Reg CF cap per 17 C.F.R. § 227.100 et seq.), or **$9,250,000** to match **Ex. C**'s quantified aggregate exposure;

3. **Compel** Plaintiff, within 7 days, to produce: (a) proof of valid Hague service; (b) the full assignment chain for the asserted marks (effective **July 10, 2025**, recorded **August 6, 2025**); and (c) a particularized list of alleged violations; and

4. **Grant** Mr. Michaels 90 days after proper Hague service to retain counsel and respond on the merits.

## VII. CONCLUSION

The injunction is built on a refunded non-sale that predates Plaintiff's effective acquisition, was entered without Hague service, and now freezes four TTAB matters. Plaintiff's own pleading supports a **prima facie** abandonment presumption. The Order is overbroad, vague, and secured by a nominal bond that does not reflect the risk imposed. Defendants have complied under protest and acted transparently. The Court should dissolve the PI or sharply narrow it and set a meaningful bond.

Respectfully submitted,

/s/ **Scott Michaels**

Defendant, appearing pro se

Suite A, 82 James Carter Road

Mildenhall, IP28 7DE, United Kingdom


scottmatchmaker@gmail.com

## EXHIBIT INDEX

### Exhibit A – Refund Proof (June 27, 2025 "test purchase")

- Shopify/PayPal order record showing purchase placed by Plaintiff's investigator.

- Refunded in full within three hours with explicit notice of non-supply.

- Confirms no product shipped, no transaction completed, no consumer confusion.


### Exhibit B – USPTO Assignment Abstract

Official USPTO record reflecting the assignment of the COSMOS registrations to Hinchliffe Sports Partners LLC **effective July 10, 2025** and **recorded August 6, 2025**. The alleged **June 27, 2025** "test purchase" **predates** Hinchliffe's acquisition.


### Exhibit C – Valuation / Impact Summary

- One-page financial statement quantifying exposure across brands/assets (> $5,000,000).

- Supports request to increase bond under Rule 65(c).

**Exhibit D – Complaint, *Michaels v. Mediacom Communications Corp.*, SDNY No. 1:25-cv-06596**

- Prior-filed case in same District.

- Establishes retaliatory and duplicative nature of Hinchliffe's later-filed action.

**Exhibit E – Website Disclaimer Screenshot (newyorkcosmosfc.com)**

- Screenshot of disclaimers publicly posted before PI.

- States no affiliation with Cosmos Soccer Club LLC, Pelé, or his estate.

- Shows good-faith measures to avoid confusion.

**Exhibit H – Plaintiff's Own Complaint (ECF No. 1 Excerpts)**

- Highlighted admissions:

    - Cosmos operations paused since 2020.

    - Matches "expected" March 2026 (¶12, ¶15).

    - Hinchliffe only acquired rights July 10, 2025 (¶13).

    - Enforcement by "predecessor-in-interest" (¶26) not joined here.

    - No bona fide advertising or market activity pled.

**Certificate of Service**

I hereby certify that on **September 17, 2025**, I served the foregoing **DEFENDANTS' SPECIAL APPEARANCE, DECLARATION OF COMPLIANCE UNDER PROTEST,**

**AND AMENDED MOTION TO DISSOLVE OR MODIFY PRELIMINARY INJUNCTION** by email pursuant to Fed. R. Civ. P. 5(b)(2)(E) to:

robert.wasnofski@dentons.com

sara.gates@dentons.com

grace.rawlins@dentons.com

abigail.zeller@dentons.com

shani.watkins@dentons.com

/s/ Scott Michaels