**DENTONS**

Robert M. Wasnofski, Jr.

robert.wasnofski@dentons.com
D  +1 212-768-6748

Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
United States

dentons.com

September 19, 2025

<u>VIA ECF</u>
Honorable Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Re:** *Hinchliffe Sports Partners, LLC v. Football Is For The Fans Ltd.*,
Case No. 1:25-cv-06984-MMG

Dear Judge Garnett:

As you know, we represent Plaintiff Hinchliffe Sports Partners, LLC d/b/a/ Cosmos ("Plaintiff" or "Cosmos") in the above-referenced action. We write in response to Defendants Football Is For the Fans Ltd. ("FIFTF Ltd."), Football Is For the Fans, Inc. ("FIFTF, Inc."), and Scott Michaels' ("Michaels" and, together with FIFTF Ltd. and FIFTF, Inc., "Defendants") purported motion to dissolve or modify the Preliminary Injunction Order (ECF No. 42, "PI Order") entered by the Court on September 16, 2025. *See* ECF No. 43. Defendants also submitted three additional filings to the Court after this motion. *See* ECF Nos. 44, 46, 47.[1] Defendants' motion is without merit and should be rejected by the Court.[2]

Defendants' filings do not warrant more than a brief response. Defendants have plainly not met the standard to dissolve or modify a preliminary injunction—they do not even cite the standard. *See* ECF Nos. 43–44, 46. "As a general matter, decisions resolving aspects of a case may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *City of New York v. Lopez*, No. 21-CV-7862 (JPO), 2025 WL 1638033, at *2 (S.D.N.Y. June 10, 2025) (citation omitted). "That applies with equal force to orders issuing preliminary injunctions, which 'should be modified only when [materially] changed circumstances demonstrate that continuance of the

---

[1] Defendants' first submission asks the Court to decide the motion on the papers, without a hearing. *See* ECF No. 44. Plaintiff takes no position on the same but remains available for a further conference at the Court's convenience. Defendants' third submission, ECF No. 47, complains about two emails from Plaintiff's counsel to Defendants, in which Plaintiff shared the PI Order and followed up to confirm that Defendants intend to comply with the PI Order, given the continued presence of online content in violation of the PI Order. Plaintiff's correspondence to Defendants is of course appropriate. If Defendants do not promptly comply with the PI Order in full, Plaintiff will address same by motion.

[2] Additionally, Mr. Michaels continues to proceed *pro se* on behalf of the corporate entities. As Plaintiff previously raised to the Court, *see* ECF No. 31 at 2, and as Michaels knows full well, *see* ECF 32 at 3–4, this is improper. The Court should not accept any filings by Mr. Michaels on behalf of FIFTF Ltd. or FIFTF, Inc.

**Puyat Jacinto & Santos** ▶ **Link Legal** ▶ **Zaanouni Law Firm & Associates** ▶ **LuatViet** ▶ **For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms**

injunction is no longer justified [or] will work oppressively against the enjoined parties.'" *Id.* (citation omitted). "The Second Circuit disapprove[s] [of] the practice of trying to relitigate on a fuller record preliminary injunction issues already decided.'" *Id.* (citation omitted).

Defendants do not identify any intervening change of controlling law, new evidence, or the need to correct a clear error or prevent a manifest injustice, and thus present no grounds for the dissolution or modification of the PI Order.[3] *See* ECF Nos. 43, 44, 46. In their motion, Defendants continue to repeat the same arguments that they previously raised in their opposition to Plaintiff's motion for a temporary restraining order and preliminary injunction (*compare* ECF No. 43, *and* ECF No. 46, *with* ECF No. 28), which the Court rejected. *See* Transcript of September 15, 2025 Conference ("Tr."); ECF No. 42. For example, Defendants again challenge the assignment of the Cosmos Marks to Plaintiff by its predecessor. But the assignment that Defendants attach makes clear that the predecessor assigned its "*entire* right, title and interest in and to the Trademarks throughout the world, including all common law rights therein, the goodwill therein, the entire business or portion thereof to which the Trademarks pertain, *as well as the right to pursue and collect monetary damages, for any past, present and future infringements of the Trademarks*." ECF No. 43-2 at 8 (emphasis added). The assignment thus includes the right to pursue this action against Defendants, including for infringing conduct from prior to the July 10, 2025 assignment. *See id.*

Defendants also again argue that service has not been effected on Michaels and FIFTF Ltd. But, as the Court already held, it "may grant preliminary relief against a defendant if notice has been provided to that defendant, regardless of whether the defendant has been formally served with process." *See* ECF No. 37 (citing *Overnight Blowout LLC v. Shenzhen Kairuijia E-Com. Co.*, No. 25-CV-6086 (LJL), 2025 WL 2381588, at *3 (S.D.N.Y. Aug. 13, 2025) ("[U]nder Federal Rule of Civil Procedure 65(a), preliminary injunctions require only 'notice'—as opposed to formal Rule 4 'service'—to the party against whom relief is sought.")). "Notice has clearly been provided here." *Id.*

The only new points raised by Defendants are either inaccurate or are completely extraneous and have no bearing on the preliminary injunction. *See* ECF No. 43, 46. For example, Defendants argue that the Court's PI Order is overbroad and vague. ECF No. 43 at 4. But the Court addressed the scope of the proposed order during the conference, stating that it would make some modifications to the proposed order "to make clear that the infringing use that is barred is that directed in various ways to viewers and potential customers in the United States." Tr. at 12:4–7. Further, the PI Order complies with Fed. R. Civ. P 65(d)(1) requirements to "state its terms specifically" and "describe in reasonable detail…the act or acts restrained." Defendants also argue

---

[3] Defendants reference a disclaimer on one of their websites. *See* ECF No. 43 at 4. That disclaimer—which Defendants do not use prominently and only used at the bottom of one website, rather than consistently across their websites and social media—was already part of the record. *See* ECF No. 1-3 at 5; ECF No. 17-5 at 5; ECF No. 39-1 at 6. Regardless, Defendants have not shouldered their burden of proving the effectiveness of the disclaimer. *See Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 143 (2d Cir. 2005). "[D]isclaimers are frequently not effective,' especially those that employ brief negator words such as no or not," such as Defendants' disclaimer here. *See Museum of Mod. Art v. MOMACHA IP LLC*, 339 F. Supp. 3d 361, 377 (S.D.N.Y. 2018) (citation and quotation marks omitted).

DENTONS

Honorable Margaret M. Garnett
September 19, 2025
Page 3

dentons.com

that the $5,000 bond is inadequate, but rely on a statutory *ceiling* for crowdfunding and bare speculations regarding money they hope to receive that are not tethered to reality. *See* ECF No. 43 at 4, 5; ECF No. 43-3. Upon information and belief, Defendants only raised approximately $12,405 in investments through its Wefunder account. *See* ECF No. 17 ¶ 40.

Accordingly, Plaintiff requests that the Court deny Defendants' motion to dissolve or modify, and advise Michaels accordingly regarding his attempts to proceed *pro se* on behalf of the corporate entities.

We thank the Court for its attention to this matter.

Sincerely,

Robert M. Wasnofski, Jr.