UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Hinicliffe Sports Partners, LLC d/b/a Cosmos,

Plaintiff,

v.

Football Is For The Fans, Inc., Football Is For The Fans Ltd., and Scott Michaels,

Defendants.

**Case No. 1:25-cv-06984-MMG**

**MOTION TO STRIKE PLAINTIFF'S FILINGS FOR FAILURE OF SERVICE**

(Alternatively: Order Proper Service and Permit Supplemental Opposition)

Defendant Scott Michaels, appearing pro se and without waiving objections to service or jurisdiction, moves under Fed. R. Civ. P. 5 and 12(f) to strike Plaintiff's filings at ECF Nos. 35–39 and 48 for failure of service. In the alternative, the Court should direct Plaintiff to properly serve those filings and all future filings, and grant Defendant 14 days from service to file supplemental opposition.

**Reservation of Rights and Hague Protest**

Defendant expressly protests and does not waive any objection to the sufficiency of service of process under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Defendant's participation in this motion is made solely to contest Plaintiff's non-service of filings under Rule 5, and does not constitute acceptance of service of the summons, complaint, or any other papers. Defendant reserves all rights to challenge personal jurisdiction and to insist on strict compliance with the Hague Convention.

**I. Plaintiff filed substantive papers but never served the pro se Defendant.**

On September 15, 2025, Plaintiff filed ECF Nos. 35–39 (memorandum and supporting declarations with exhibits). On September 19, 2025, Plaintiff filed ECF No. 48. Defendant—who is **not** a registered ECF user—was not served by mail or other Rule 5-compliant means and thus had no access to the papers the Court considered. Filing on ECF does **not** equal service on an unregistered pro se party. Fed. R. Civ. P. 5(b); SDNY ECF Rules & Instructions 9.1–9.2 (pro se litigants must affirmatively **consent** to electronic service to receive NEFs; otherwise, service must be by traditional means).

**II. Rule 5 requires service; consent to electronic service is missing.**

Rule 5(b)(2) requires service of "every written motion and other paper" on each party. Service by electronic means is valid **only if the person consented in writing**. Defendant has not consented to electronic service and is not on ECF. The Court's own pro se guidance confirms consent must be filed before e-service applies.

**III. The failure to serve denied due process and caused prejudice.**

Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties" and allow them to respond. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The Second Circuit has reversed outcomes where notice was deficient, particularly in international contexts. *Overseas Programming Cos. v.*

*Cinematographische Commerz-Anstalt*, 684 F.2d 232 (2d Cir. 1982); *Ackermann v. Levine*, 788 F.2d 830 (2d Cir. 1986).

Here, the Court entered a preliminary injunction (ECF 42) after considering unserved filings, depriving Defendant of a meaningful chance to review and rebut. That is textbook prejudice.

**Practical access compounding the prejudice.** As a U.K. resident without U.S. counsel and without ECF registration, Defendant cannot rely on PACER "free looks" or NEFs. Payment mechanics effectively require U.S. cards to set up access, which Defendant does not have. Without Rule 5 service, Defendant has no reliable way to monitor or answer filings. Plaintiff knows this and exploited it.

IV. Plaintiff's Hague posture underscores selective, bad-faith gamesmanship.

Plaintiff has insisted on rigid Hague Convention mechanics for serving **Defendants**, yet refuses to perform the **basic** domestic duty of serving motion papers on a non-ECF pro se party. That selective procedural zeal is inconsistent with Rule 5 and due process. The Second Circuit has made clear that comparable international-notice failures cannot stand. *Ackermann*, 788 F.2d at 838–40; *Overseas Programming*, 684 F.2d at 235.

V. Requested relief.

Given the lack of service and the resulting prejudice, the Court should:

1. **Strike** ECF Nos. 35–39 and 48 under Rule 12(f) and the Court's inherent authority;

   **or**

2. **Order** Plaintiff to properly serve those filings (and all future filings) under Rule 5(b)(2) and SDNY ECF Rules, and grant Defendant **14 days from the date of proper service** to file supplemental opposition; and

3. **Preserve** Defendant's objection to entry/maintenance of the preliminary injunction to the extent it relied on unserved materials.

---

Dated: September 22, 2025 (London time)

Respectfully submitted,

/s/ Scott Michaels

Defendant, appearing pro se (special appearance; no waiver)

Suite A, 82 James Carter Road, Mildenhall, IP28 7DE, United Kingdom

---

**Certificate of Service**

I certify that on September 22, 2025, I served this motion by email under Rule 5(b)(2)(E) on counsel for Plaintiff at:

robert.wasnofski@dentons.com

sara.gates@dentons.com

grace.rawlins@dentons.com

abigail.zeller@dentons.com

shani.watkins@dentons.com

/s/ Scott Michaels