UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**Hinchliffe Sports Partners, LLC d/b/a Cosmos,**

Plaintiff,

v.

**Football Is For The Fans, Inc.,**

**Football Is For The Fans Ltd., and**

**Scott Michaels,**

Defendants.

Case No. 1:25-cv-06984-MMG

---

**DEFENDANT SCOTT MICHAELS' SPECIAL-APPEARANCE MOTION TO DISMISS**

(12(b)(2) Lack of Personal Jurisdiction; 12(b)(5) Insufficient Service)

— and, in the alternative —

TO DISSOLVE/VACATE THE PRELIMINARY INJUNCTION OR REQUIRE A REAL BOND

Defendant Scott Michaels, appearing specially and pro se (and not on behalf of any corporate defendant), respectfully moves to dismiss the Complaint under Fed. R. Civ. P. 12(b)(2) and 12(b)(5) because Plaintiff has never perfected service under the Hague Convention and therefore this Court lacks personal jurisdiction over him. Separately and in the alternative, the Court should dissolve or vacate the preliminary injunction because it rests on unserved papers and bad-faith conduct, or at minimum require proper service, grant time to respond, and set a Rule 65(c) bond commensurate with the risk Plaintiff created.

This motion is made under special appearance; nothing herein waives any objection to service, personal jurisdiction, or venue.

---

**INTRODUCTION**

No Hague service. No consent to electronic service. No mail service of Plaintiff's filings. Yet Plaintiff obtained and now defends an injunction built on papers I was never served. That is legally insufficient service and constitutionally inadequate notice. On that ground alone, the case against Michaels should be dismissed.

The Supreme Court has been clear: service abroad must comply with the Hague Convention when applicable. *Volkswagenwerk AG v. Schlunk*, 486 U.S. 694 (1988); *Water Splash, Inc. v. Menon*, 581 U.S. 271 (2017). Filing on ECF or emailing opposing counsel does not substitute. Absent proper service, this Court lacks jurisdiction.

Even if the Court were to reach equity, Plaintiff's hands are unclean. Exhibits A–H show a coordinated, off-docket campaign to choke funding, tamper with witnesses, smear reputations, retaliate through foreign filings, and commercialize disputed marks—all while skipping service. That is the opposite of clean hands.

---

**BACKGROUND**

I reside in the United Kingdom and have not been served under the Hague Convention.

I have not consented to electronic service and I am not an ECF registrant.

Plaintiff filed substantive papers it did not serve on me, which the Court appears to have considered in entering injunctive relief.

As a foreign, pro se litigant without PACER payment access, I have been structurally excluded from

notice — the precise prejudice the Hague Convention exists to prevent.

I appear specially and under protest to challenge service/jurisdiction and to preserve all objections.

**ARGUMENT**

**I. The Court lacks personal jurisdiction over Michaels because Plaintiff never perfected service.**

Michaels is a U.K. resident. Plaintiff never served the summons and complaint via the Hague mechanisms, and he never consented to any alternative. Absent valid service, the Court lacks personal jurisdiction. Rule 4(f) and the Hague Convention are mandatory, not optional. See *Volkswagenwerk*, 486 U.S. at 705.

**Demand for Proof of Hague Service.** Within seven (7) days, Plaintiff should be ordered to produce: (a) the Hague Convention transmission and return forms (including the Central Authority certificate) for service on Scott Michaels; (b) any return receipt, courier tracking, or signed process receipt; and (c) any written consent by Michaels to alternate service. If Plaintiff cannot produce these documents, the Court should dismiss the claims against Michaels for insufficient service and lack of personal jurisdiction.

**II. Plaintiff's failure to serve motion papers separately violates Rule 5 and due process.**

Rule 5 requires service of every motion and paper. ECF notice is valid only with consent, which Michaels never gave. Relief built on unserved filings is constitutionally defective. A foreign litigant without PACER access cannot be charged with constructive notice. The injunction must be vacated.

I appear strictly under protest. I have never been served through the Hague Convention, which is the

only lawful means of effecting service on a defendant residing in the United Kingdom. I have not consented to electronic service by email or to ECF registration. Yet as a foreign pro se litigant, I cannot meaningfully access PACER because U.K. bank cards are often rejected by the U.S. payment system. This leaves me without proper service, without consent to alternatives, and without practical access to filings. The result is fundamentally unfair: Plaintiff has obtained and defended injunctive relief against me without ever providing lawful notice or a realistic opportunity to be heard, in violation of due process as articulated in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("[t]he fundamental requisite of due process of law is the opportunity to be heard").

---

### III. Plaintiff's unclean hands and bad faith independently bar equitable relief.

The record shows a continuum of misconduct (Exs. A–H):

A – Financial chokehold: Dentons' perjury-certified takedown letters cut off my SEC-regulated raise.

B – Witness tampering: Attorney Glickman pressured Matt Le Tissier to withdraw support.

C – Reputation smears: Cosmos ambassador Werner Roth defamed me on LinkedIn to chill testimony.

D – Foreign lawfare: Dentons UK filed TM7As through a U.S. shell to block my UK marks in retaliation.

E – Good faith transparency: I published guidance and contacted Rocco Commisso's own son a year before filing — showing collaboration, not bad faith.

F – Sham relaunch: Bastion/Capelli admitted to a "four-week sprint" rebrand manufactured for litigation deadlines.

G – Official NASL defamation: NASL.com posted a commissioner's statement naming me and calling my claims "unequivocally false."

H – Plaintiff's own admissions: In its SDNY complaint, Plaintiff admitted Cosmos ceased operations in 2020, only acquired marks in July 2025, and refunded "test purchases" citing the trademark dispute.

This is not rights enforcement; it is coordinated lawfare. Equity does not reward such conduct.

**IV. Plaintiff's merits showing collapses under its own record.**

Plaintiff's admissions confirm:

- Four years of non-use (2020–2024).

- Fraudulent maintenance specimens.

- Post-petition commercialization contrived through rushed vendor campaigns.

There is no likelihood of success on the merits; there is abandonment.

**V. At minimum, any injunction must be conditioned on Hague service, reset deadlines, and a real bond.**

If dismissal is denied, then fairness requires:

1. Hague service of summons/complaint, Rule 5 service of all filings.

2. Fourteen days after proper service to respond.

3. A Rule 65(c) bond. Given documented harm, a bond of no less than $5 million is proportionate:

    - $5M SEC-regulated fundraising interference (Ex. A).

    - Multi-million reputational loss from official NASL smears (Ex. G).

- Commercial disruption from vendor-driven sham use (Ex. F).

4. Pending resolution, Plaintiff and its counsel and agents are ordered to preserve all documents and communications and are prohibited from initiating further takedown requests or making public statements regarding Mr. Michaels' fundraising or supporters without leave of court.

## VI. Judicial Notice of Related Proceedings and Plaintiff's Own Admissions

This Court may take judicial notice of public records, including filings in related proceedings. Fed. R. Evid. 201(b). Michaels respectfully requests that the Court take notice of:

1. The TTAB record in Cancellation No. 92089013, including Exhibits A–H, which document Plaintiff's abandonment, fraudulent specimens, and misconduct; and

2. Plaintiff's own Complaint in this action, in which Plaintiff admits Cosmos ceased professional operations in 2020 and that Hinchliffe only acquired Cosmos marks on July 10, 2025.

These records are central to Plaintiff's standing and irreparable harm claims, and they contradict Plaintiff's narrative of continuous use. Judicial notice prevents Plaintiff from telling one story to the TTAB and another to this Court.

## VII. Fee Shifting Is Warranted

Plaintiff and its counsel have engaged in a pattern of bad-faith tactics: interfering with SEC-regulated fundraising, tampering with witnesses, manufacturing "specimens" of use, and pursuing retaliatory foreign filings—all while failing to effect lawful service. These actions have unreasonably multiplied the proceedings and forced Mr. Michaels to incur costs in defending

against an action the Court lacks jurisdiction to hear.

Under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent authority to sanction bad-faith litigation conduct, Mr. Michaels respectfully requests that the Court shift fees and costs to Plaintiff and its counsel as justice requires. At minimum, any continued maintenance of this action without Hague service and bona fide evidence should expose Plaintiff's counsel to fee liability.

**REQUESTED RELIEF**

1. Dismiss all claims against Scott Michaels under Rule 12(b)(2) and 12(b)(5) for lack of personal jurisdiction and insufficient service.

2. Vacate/dissolve the preliminary injunction as to Michaels because it rests on unserved filings and bad-faith conduct; or, at minimum:

   - Order Hague service and Rule 5 compliance;
   - Grant Michaels 14 days after service to respond;
   - Require Plaintiff to post a $5 million Rule 65(c) bond;
   - Enter a preservation/gag order on further takedowns or defamatory statements;
   - Take judicial notice of TTAB filings and Plaintiff's own admissions;
   - Decide this motion on the written record without an evidentiary hearing, as the documentary record (Exs. A–H) is sufficient to establish both lack of service and Plaintiff's unclean hands.

3. Preserve Michaels' objections to service and personal jurisdiction for appellate purposes.

**RESERVATION OF RIGHTS / HAGUE PROTEST**

Michaels expressly does not consent to service by electronic means or otherwise, and does not waive objections under the Hague Convention. This special appearance is solely to contest service/jurisdiction and related equitable issues.

Dated: September 22, 2025 (London)

Respectfully submitted,

/s/ Scott Michaels

Scott Michaels, Defendant (appearing pro se, special appearance)

**Suite A, 82 James Carter Road**

**Mildenhall, IP28 7DE, United Kingdom**

---

**DECLARATION OF SCOTT MICHAELS**

**In Support of Special-Appearance Motion to Dismiss**

I, Scott Michaels, declare as follows under 28 U.S.C. § 1746:

1. **Status and Appearance.**

   I am a named Defendant in this action. I reside in the United Kingdom. I appear specially and pro se, and I do not waive objections to service, personal jurisdiction, or venue.

2. **No Hague Service.**

   I have not been served with the summons and complaint under the Hague Convention or any other lawful international service mechanism.

3. **No Consent to E-Service.**

   I have not consented in writing to electronic service under Fed. R. Civ. P. 5(b)(2)(E). I am not an ECF registrant in this matter.

4. **No Mail Service.**

   I have not received by post or courier any copies of Plaintiff's filings. My only awareness of filings has come from limited docket access and secondary sources.

5. **Prejudice as a Foreign Litigant.**

   As a foreign, pro se litigant without PACER payment access, I have been materially prejudiced by Plaintiff's failure to comply with Hague service. I have been denied timely notice and a fair opportunity to respond, which is precisely the harm the Hague Convention is designed to prevent.

6. **Injunction Entered Without Service.**

   Plaintiff obtained preliminary injunctive relief based on filings I was never served. This deprived me of due process and a meaningful opportunity to contest the injunction before it issued.

7. **Authentication of Exhibits A–H.**

   Attached to my motion are true and correct copies of documents filed in my TTAB proceeding, Cancellation No. 92089013. Each exhibit is maintained in my records in substantially the same form as submitted to the TTAB:

   - **Exhibit A** – TTAB CAN-5 (Dentons' Wefunder takedown; abandonment/fraud evidence; industry support letters).

   - **Exhibit B** – TTAB CAN-8 (Notice of Witness Interference; Glickman → Le Tissier email).

   - **Exhibit C** – TTAB CAN-9 (Werner Roth LinkedIn defamation; reputational interference).

   - **Exhibit D** – TTAB CAN-11 (Dentons UK TM7As filed via Hinchliffe against my UK marks).

- **Exhibit E** – TTAB CAN-12 (Supplemental Good Faith Declaration: June 2025 article, outreach to Joseph Commisso and Erik Stover).

- **Exhibit F** – TTAB CAN-26 (Bastion/Capelli vendor admissions of a rushed "four-week sprint" relaunch).

- **Exhibit G** – TTAB CAN-27 (NASL.com commissioner's statement naming me and my companies).

- **Exhibit H** – TTAB CAN-29 (Dentons' SDNY complaint admissions; Cosmos abandonment; refunded "test purchase").

8. **Purpose of Declaration.**

   This declaration is submitted solely to support my Motion to Dismiss for insufficient service and lack of personal jurisdiction, and in the alternative to vacate or modify the injunction. Nothing herein should be construed as consent to service, waiver of Hague objections, or a general appearance.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 22, 2025, in United Kingdom.

Respectfully submitted,

/s/ Scott Michaels

Scott Michaels

Defendant (appearing pro se, special appearance)

Suite A, 82 James Carter Road

Mildenhall, IP28 7DE, United Kingdom

**CERTIFICATE OF SERVICE**

I certify that on September 22, 2025, I served this motion, declaration, and exhibits by email under Rule 5(b)(2)(E) on counsel for Plaintiff at:

robert.wasnofski@dentons.com

sara.gates@dentons.com

grace.rawlins@dentons.com

abigail.zeller@dentons.com

shani.watkins@dentons.com

/s/ Scott Michaels