UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HINCHLIFFE SPORTS PARTNERS, LLC d/b/a
COSMOS,

                              Plaintiff,

          -against-

FOOTBALL IS FOR THE FANS LTD.,
FOOTBALL IS FOR THE FANS, INC., and
SCOTT MICHAELS,

                              Defendants.

Civil Case No. 25-cv-6984-RA-SDA

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO HOLD DEFENDANTS IN CONTEMPT AND FOR COERCIVE AND COMPENSATORY SANCTIONS

Robert M. Wasnofski, Jr.
Sara Gates
Grace A. Rawlins
DENTONS US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Phone: (212) 768-6748
Fax: (212) 768 6800
robert.wasnofski@dentons.com
sara.gates@dentons.com
grace.rawlins@dentons.com

*Attorneys for Plaintiff Hinchliffe
Sports Partners, LLC d/b/a Cosmos*

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ........................................... 2

ARGUMENT .............................................................................................................................. 4

     I.     THE COURT SHOULD HOLD DEFENDANTS
          IN CONTEMPT OF COURT ................................................................................ 4

          A.   The Court's PI Order Is Clear and Unambiguous .......................................... 5

          B.   Defendants' Noncompliance with the PI Order
               Is Established by Clear and Convincing Evidence .......................................... 6

          C.   Defendants Have Not Been Reasonably Diligent
               in Attempting to Comply With the PI Order ................................................. 10

     II.    THE COURT SHOULD IMPOSE COERCIVE SANCTIONS AGAINST
          DEFENDANTS AND COMPENSATE PLAINTIFF FOR ITS ATTORNEYS'
          FEES AND COSTS INCURRED IN MAKING THIS MOTION ......................11

CONCLUSION .......................................................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*,
No. 96 CIV. 9721PKLTHK, 2002 WL 2012618 (S.D.N.Y. Sept. 3, 2002) ....................10, 12

*Al Hirschfeld Found. v. Margo Feiden Galleries Ltd.*,
438 F. Supp. 3d 203 (S.D.N.Y. 2020)......................................................................................13

*Aquavit Pharms. v. U-Bio Med, Inc.*,
No. 19 Civ. 3351 (VEC) (RWL), 2019 WL 8756622 (S.D.N.Y. Dec. 16, 2019) ........... *passim*

*Broker Genius Inc. v. Seat Scouts LLC*,
No. 17-CV-8627 (SHS), 2019 WL 2462333 (S.D.N.Y. June 13, 2019) ................................11

*CBS Broad. Inc. v. FilmOn.com, Inc.*,
814 F.3d 91 (2d Cir. 2016).....................................................................................................11

*Chere Amie, Inc. v. Windstar Apparel, Corp.*,
175 F. Supp. 2d 562 (S.D.N.Y. 2001)....................................................................................12

*Dole Fresh Fruit Co. v. United Banana Co.*,
821 F.2d 106 (2d Cir. 1987)...................................................................................................11

*Holiday Park Drive, LLC v. Newist Corp.*,
No. 23-CV-2623 (AMD) (JMW), 2024 WL 4802751 (E.D.N.Y. Nov. 15, 2024)............12, 13

*Hudson Furniture, Inc. v. Mizrahi*,
No. 1:20 CIV. 04891 (PAC), 2023 WL 6214908 (S.D.N.Y. Sept. 25, 2023) ................6, 9, 13

*Michaels v. Mediacom Commc'ns Corp.*,
Case No. 1:25-cv-06596-RA-SDA (Aug. 7, 2025), ECF No. 2 ..............................................12

*Nat'l Basketball Ass'n v. Design Mgmt. Consultants, Inc.*,
289 F. Supp. 2d 373 (S.D.N.Y. 2003)...........................................................................4–5, 13

*New York State Nat. Org. for Women v. Terry*,
886 F.2d 1339 (2d Cir. 1989)...................................................................................................5

*Yurman Studio, Inc. v. Castaneda*,
No. 07 CIV. 1241 (SAS), 2009 WL 454275 (S.D.N.Y. Feb. 23, 2009).........................4, 6, 11

**Rules and Regulations**

Fed. R. Civ. P. 65 ........................................................................................................................5

Plaintiff Hinchliffe Sports Partners, LLC d/b/a Cosmos ("Plaintiff" or "Cosmos") respectfully submits this memorandum of law in support of its motion, pursuant to the Court's inherent power, to (i) hold Defendants Football Is for the Fans Ltd. ("FIFTF Ltd."), Football Is For The Fans, Inc. ("FIFTF, Inc."), and Scott Michaels ("Michaels" and, together with FIFTF Ltd. and FIFTF, Inc., "Defendants") in civil contempt for violating the Court's September 16, 2025 Preliminary Injunction Order (ECF No. 42) (the "PI Order"); (ii) impose coercive sanctions against Defendants in the form of a daily fine of no less than $2,500 for each day that Defendants remain in noncompliance until they fully purge their contempt; and (iii) impose compensatory sanctions against Defendants in the form of awarding Plaintiff its attorneys' fees and costs incurred in connection with making this motion (the "Motion").

## PRELIMINARY STATEMENT

Plaintiff has no choice but to again seek this Court's intervention. After the Court entered the PI Order enjoining Defendants from using trademarks and names associated with the New York Cosmos soccer club, Defendants have nonetheless continued to use and exploit the Cosmos marks identified in the PI Order (collectively, the "Cosmos Marks") and claim ownership over same. Defendants' conduct is both directed at and accessible to persons in the United States. Despite knowledge of the PI Order, Defendants have willfully disregarded it and instead focused their efforts on lodging an excessive number of filings with the Court with erroneous and irrelevant complaints.[1] Plaintiff requests that the Court hold Defendants in civil contempt of its PI Order, impose coercive sanctions on Defendants to compel their compliance with the PI Order, and award Plaintiff its attorneys' fees and costs incurred in connection with making this Motion.

---

[1] Michaels has submitted certain of these filings on behalf of all Defendants, including the corporate entities, even though he knows that he is not permitted to appear *pro se* on behalf of FIFTF Ltd. and FIFTF, Inc. *See* ECF No. 32.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Defendants' deliberate campaign to misappropriate Plaintiff's famous and federally registered Cosmos Marks through the unauthorized promotion and/or sale of counterfeit goods and services, the operation of infringing websites, and the solicitation of investments under false pretenses. *See generally* ECF No. 1 ("Cmpl."); ECF Nos. 16, 35.[2]  After Plaintiff filed a complaint asserting various causes of actions for trademark counterfeiting and infringement, cybersquatting, and related claims, *see* ECF No. 1, Plaintiff applied for a temporary restraining order and preliminary injunction to enjoin Defendants' unlawful conduct.  *See* ECF No. 15–19, 35–36, 37–39.  Defendants opposed the application.  *See* ECF No. 28.

On September 16, 2025, the Court granted Plaintiff's application and entered the PI Order enjoining Defendants, and those acting in concert with them, from:

(1)    Using any of the following trademarks, any other marks comprised of or incorporating the following marks (collectively, the "Cosmos Marks"), any marks confusingly similar thereto and/or counterfeits thereof, or any other Cosmos trademarks, names, or designations in connection with the trafficking, manufacturer, importation, exportation, advertising, marketing, promotion, distributing, offering for sale, and/or sales of any products or services, including the solicitation of investments [table of Cosmos Marks omitted];

(2)    Committing any acts calculated to cause the public to believe that any products or services advertised, promoted, marketed, sold, offered for sale or distributed under the Cosmos Marks are sold under the control or supervision of Cosmos when they are not;

(3)    Selling, passing off, inducing, or enabling others to sell or pass off any products or services as Cosmos products or services or as products or services produced by or for Cosmos, which are not genuine Cosmos products or services, or are not authorized by Cosmos;

(4)    Trafficking, manufacturing, importing, exporting, distributing, advertising, marketing, promoting, offering for sale, and/or selling goods and services, or any labels, stickers, tags, signs, prints, wrappers, packaging, literature, and all other materials bearing the Cosmos Marks or any other Cosmos trademarks;

---

[2] Plaintiff refers the Court to its briefing on its application for a preliminary injunction for a full recitation of the relevant facts.  *See* ECF Nos. 16, 35.

(5)     Infringing any Cosmos Marks or any other Cosmos trademarks or trade names, or copying any packaging, label, or other material utilized by Cosmos in connection with the distribution, offer for sale, and/or sale of any product or service without prior authorization from Cosmos;

(6)     Using any counterfeit, copy, reproduction, or colorable imitation of any of the Cosmos Marks in connection with the promotion, advertising, offer for sale, or sale of any products or services;

(7)     Making or using in connection with the sale of any products or services, a false description or representation including words or other symbols that falsely describe or represent, expressly or impliedly, such products or services as Cosmos products or services, respectively, and from offering such products or services in commerce;

(8)     Diluting any of the Cosmos Marks or any other Cosmos trademarks;

(9)     Continuing to operate the domains at <nycosmos1970.com> and <newyorkcosmosfc.com>, or creating and/or using any domain name that is identical or confusingly similar to the Cosmos Marks or any other Cosmos trademarks;

(10)    Destroying and/or failing to preserve any goods or services or records related to the trafficking, manufacturing, importing, exporting, distributing, advertising, marketing, promoting, offering for sale, and/or sale of any products or services purporting to be Cosmos products or services or other products or services using any of the Cosmos Marks and/or any other Cosmos trademarks;

(11)    Claiming ownership over the Cosmos Marks or any team identified by the Cosmos Marks;

(12)    Aiding or abetting any other person or entity engaging in or performing any of the acts referred to in paragraphs 1 through 10 above.

PI Order at 2–4.  Further, the Court restricted the PI Order to conduct by Defendants that is "directed at persons in the United States" or where "their statements, representations, or infringing use are accessible to persons in the United States."  *Id.* at 2.

Plaintiff, through its counsel, provided Defendants with a copy of the PI Order on September 16, 2025 via email.  *See* Declaration of Sara Gates, dated October 2, 2025 ("Gates Decl."), ¶ 4, Ex. A.  Plaintiff's counsel also followed up with Defendants via email two days later, on September 18, 2025, after discovering that Defendants continued to use the Cosmos Marks and claim ownership of same in violation of the PI Order.  *See id.* ¶¶ 4–5, Ex. A.  Specifically, Plaintiff discovered that Defendants are violating the PI Order in at least the following ways:

1. Defendants failed to remove infringing content that uses the Cosmos Marks from Defendants' website, https://footballisforthefans.com/;
2. Defendants failed to remove infringing content that uses the Cosmos Marks from another website controlled by Defendants, https://nslofficial.com/;
3. Defendants failed to disable operation of <nycosmos1970.com> and <newyorkcosmosfc.com> (collectively, the "Infringing Domain Names"), which both redirect to a website, https://newyorkcosmosfc.com/coming-soon, that represents in the URL and title of the page that it is "coming soon";
4. Defendants failed to remove a LinkedIn company page that advertises "NY Cosmos 1970™";
5. Defendants failed to remove infringing content using the Cosmos Marks from their X account;
6. Michaels failed to remove infringing content using the Cosmos Marks from his X account;
7. Michaels failed to remove infringing content using the Cosmos Marks from his LinkedIn account;
8. Michaels failed to remove infringing content using the Cosmos Marks from his Substack account;
9. Michaels failed to remove infringing content using the Cosmos Marks from his Medium account; and
10. Michaels failed to remove infringing content using the Cosmos Marks from his Instagram account.

*See id.* ¶¶ 8–18, Exs. C–K. Defendants expressly acknowledged receipt of the September 18, 2025 email and stated that Plaintiff should raise any concerns with Defendants' compliance with the PI Order with the Court. *See id.* ¶¶ 4, 6, Ex. A. As Defendants' violations of the PI Order remain outstanding, Plaintiff brings the instant Motion.

## **ARGUMENT**

## I.    **THE COURT SHOULD HOLD DEFENDANTS IN CONTEMPT OF COURT**

The Court should hold Defendants in civil contempt of the PI Order. "Courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Yurman Studio, Inc. v. Castaneda*, No. 07 CIV. 1241 (SAS), 2009 WL 454275, at *2 (S.D.N.Y. Feb. 23, 2009) (quoting *Spallone v. United States*, 493 U.S. 265 (1990)). A defendant may be held in civil contempt where the plaintiff establishes (1) that the Court's order was clear and unambiguous; (2) the proof of noncompliance by the defendant is clear and convincing; and (3) the defendant has

not been reasonably diligent in attempting to comply. *See Nat'l Basketball Ass'n v. Design Mgmt. Consultants, Inc.*, 289 F. Supp. 2d 373, 376 (S.D.N.Y. 2003) (citing *EEOC v. Local 638, Local 28 of Sheet Metal Workers' Int'l Assn.*, 753 F.2d 1172, 1178 (2d Cir. 1985)). As detailed below, the PI Order states in clear and unambiguous terms what Defendants are not permitted to do; the evidence submitted by Plaintiff herewith satisfies the "clear and convincing" standard; and Defendants have not been reasonably diligent in attempting to comply with the PI Order as evidenced by their failure to remove dozens of infringing content and Michaels' flippant comments regarding the PI Order.

### A.    The Court's PI Order Is Clear and Unambiguous

The PI Order leaves no room for doubt as to what conduct it prohibits, fully satisfying the clear and unambiguous standard to support a contempt finding. All that Rule 65(d) requires is that every order granting an injunction "state its terms specifically" and "describe in reasonable detail– and not by referring to the complaint or other document–the act or acts restrained or required." Fed. R. Civ. P. 65(d). Thus, '[t]o comply with the specificity and clarity requirements, an injunction must 'be specific and definite enough to apprise those within its scope of the conduct that is being proscribed.'" *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1352 (2d Cir. 1989) (citation omitted).

The PI Order meets this standard as it explicitly identifies the Cosmos Marks—providing the associated U.S. registration numbers and images of each word mark and design mark—that Defendants are not permitted to use, and specifically details which activities Defendants are not permitted to do with reference to the Cosmos Marks. *See* PI Order at 2–4. By way of example, under a plain reading of the PI Order, Defendants are prohibited from: (1) using any of the Cosmos Marks in the promotion, offering for sale, or sale of any products or services, including the solicitation of investments; (2) continuing to operate the domains at <nycosmos1970.com> and

<newyorkcosmosfc.com>; and (3) claiming ownership over the Cosmos Marks or any team identified by the Cosmos Marks. *Id.* 2–4 ¶¶ 1, 9, 11. At the outset, the Court restricted the PI Order to conduct by Defendants, or those acting in concert with them, that is "directed at persons in the United States" or where "their statements, representations, or infringing use are accessible to persons in the United States." *Id.* at 2. As courts in this District have held in other trademark infringement cases, this type of language—restricting Defendants from engaging in specific activities with respect to defined trademarks—is clear and unambiguous, and thus sufficient to apprise Defendants of the prohibited conduct. *See, e.g.*, *Hudson Furniture, Inc. v. Mizrahi*, No. 1:20 CIV. 04891 (PAC), 2023 WL 6214908, at *16 (S.D.N.Y. Sept. 25, 2023); *Aquavit Pharms. v. U-Bio Med, Inc.*, No. 19 Civ. 3351 (VEC) (RWL), 2019 WL 8756622, at *6 (S.D.N.Y. Dec. 16, 2019), *report and recommendation adopted in part sub nom. Aquavit Pharms., Inc. v. U-Bio Med, Inc.*, No. 19-CV-3351 (VEC), 2020 WL 1900502 (S.D.N.Y. Apr. 17, 2020); *Yurman*, 2009 WL 454275, at *3. The Court should not hold any different here.

### B. Defendants' Noncompliance with the PI Order Is Established by Clear and Convincing Evidence

Defendants' noncompliance with the PI Order is clear from the evidence that Plaintiff submits with this Motion. To establish a defendant's civil contempt, the clear and convincing evidentiary standard requires "proof adequate to demonstrate a reasonable certainty that a violation occurred." *Aquavit*, 2019 WL 8756622, at *6. With this Motion, Plaintiff submits the following evidence, which demonstrates that Defendants violated numerous provisions of the PI Order[3]:

---

[3] Following entry of the PI Order, Defendants failed to remove a LinkedIn company page for "NY Cosmos 1970™" that advertised the revival of the soccer team and also posted a job opening. *See* Gates Decl. ¶ 18. However, LinkedIn removed that page as of September 30, 2025, as the result of Plaintiff's takedown efforts. *See id.*

First, Plaintiff submits dated screenshots, captured in the U.S., showing that Defendants failed to remove the Cosmos Marks from Defendants' website, https://footballisforthefans.com/. *See* Gates Decl. ¶ 9, Exs. C-1, C-2.   One of these web pages was previously reported in connection with Plaintiff's PI Application.   *See id.*; ECF No. 39-2, 39-3.   These outstanding uses of the Cosmos Marks on the website, in connection with Defendants' promotion of their "Football Is For the Fans" services, violates paragraphs 1, 2, 3, 4, 5, 6, 8, and 11 of the PI Order.   *See* Gates Decl. ¶ 9, Exs. C-1, C-2; PI Order at 2–4.

Second, Plaintiff submits dated screenshots, captured in the U.S., showing that Defendants failed to remove the Cosmos Marks from another website controlled by Defendants, https://nslofficial.com/.[4]   *See* Gates Decl. ¶ 10, Ex. D.   These outstanding uses of the Cosmos Marks on the website, which also promotes Defendants' "Football Is For the Fans" services, violates paragraphs 1, 2, 3, 4, 5, 6, 8, and 11 of the PI Order.   *See id.*; PI Order at 2–4.

Third, Plaintiff submits dated screenshots, captured in the U.S., showing that Defendants are continuing to operate the Infringing Domain Names.   *See* Gates Decl. ¶ 11 Ex. E.   Both domain names redirect to a website, https://newyorkcosmosfc.com/coming-soon, which represents in the URL and title of the page that it is "coming soon."   *Id.*   Had Defendants actually disabled operation of the Infringing Domain Names the website would contain an error message, such as "page not found" or "404 error," not "coming soon."   Defendants' continued operation of the Infringing Domain Names violates paragraph 9 of the PI Order.   *See id.*; PI Order at 4.

Fourth, Plaintiff submits dated screenshots, captured from a U.S.-based platform accessible in the U.S., showing that Defendants failed to remove infringing content using the Cosmos Marks

---

[4] The "About" section at the bottom of the website represents that "Football Is For the Fans" is the entity behind the website.   *See* Gates Decl. ¶ 10, Ex. D.

from their X account.  *See* Gates Decl. ¶ 12, Ex. F.  In the posts, Defendants promote and advertise their services using the Cosmos Marks, including the solicitation of investments.  *See id.*  These outstanding uses of the Cosmos Marks violate paragraphs 1, 2, 3, 4, 5, 6, 8, and 11 of the PI Order. *See id.*; PI Order at 2–4.

Fifth, Plaintiff submits dated screenshots, captured from U.S.-based platforms accessible in the U.S., showing that Michaels failed to remove infringing content using the Cosmos Marks from his X account.  *See* Gates Decl. ¶ 13, Ex. G.  One of these posts was previously reported in connection with Plaintiff's PI Application.  *See id.*; ECF No. 39-3.  For example, Michaels repeatedly claims ownership over the Cosmos Marks and the Cosmos team, and uses the Cosmos Marks in connection with the promotion of Defendants' "Football Is For the Fans" services, including to solicit investments.  *See* Gates Decl. ¶ 13, Ex. G.  Michaels also tries to confuse users into thinking that they purchased unauthorized merchandise from Plaintiff and that Plaintiff is not permitted to accept deposits for season tickets to their upcoming 2026 professional season.  *See id.*  These examples are more than a dozen of the many, many posts that remain on Michaels' accounts, where Michaels posts multiple times per day.  These outstanding uses of the Cosmos Marks violate paragraphs 1, 2, 3, 4, 5, 6, 8, and 11 of the PI Order.  *See id.*; PI Order at 2–4.

Sixth, Plaintiff submits dated screenshots, captured from U.S.-based platforms accessible in the U.S., showing that Michaels failed to remove infringing content using the Cosmos Marks from his LinkedIn blog account.  *See* Gates Decl. ¶ 14, Ex. H.  In the posts, Michaels touts his rights to the New York Cosmos and uses the Cosmos Marks in connection with promotion for "Football Is For the Fans," including to solicit investments.  *See id.*  These outstanding uses of the Cosmos Marks violate paragraphs 1, 2, 3, 4, 5, 6, 8, and 11 of the PI Order.  *See id.*; PI Order at 2–4.

Seventh, Plaintiff submits dated screenshots, captured from a U.S.-based platform accessible in the U.S., showing that Michaels failed to remove infringing content using the Cosmos Marks from his Substack account. *See* Gates Decl. ¶ 15, Ex. I. In the Substack posts, Michaels repeatedly claims ownership of the Cosmos Marks. *See id.* Michaels also uses the Cosmos Marks in connection with the promotion and offering of services and solicitation of investments. *See id.* These outstanding uses of the Cosmos Marks thus violate paragraphs 1, 2, 3, 4, 5, 6, 8, and 11 of the PI Order. *See id.*; PI Order at 2–4.

Eighth, Plaintiff submits dated screenshots, captured from a U.S.-based platform accessible in the U.S., showing that Michaels failed to remove infringing content using the Cosmos Marks from his Medium account. *See* Gates Decl. ¶ 16, Ex. J. In the Medium posts, Michaels again repeatedly claims ownership of the Cosmos Marks. *See id.* These outstanding uses of the Cosmos Marks thus violate paragraph 11 of the PI Order. *See id.*; PI Order at 4.

Ninth, Plaintiff submits dated screenshots, captured from a U.S.-based platform accessible in the U.S., showing that Michaels failed to remove infringing content using the Cosmos Marks from his Instagram account. *See* Gates Decl. ¶ 17, Ex. K. In the Instagram post, Michaels uses "NY Cosmos 1970™" in connection with the promotion and offering of services and implies his ownership over this mark. *See id.* This outstanding use of the Cosmos Marks thus violates paragraphs 1, 2, 3, 4, 5, 6, 8, and 11 of the PI Order. *See id.*; PI Order at 4.

Because Plaintiff has failed to remove the plethora of infringing content using the Cosmos Marks in violation of the PI Order, the evidence submitted to the Court readily meets the clear and convincing evidence standard. *See, e.g.*, *Hudson*, 2023 WL 6214908, at *16 (finding proof of noncompliance was clear and convincing where web page controlled by Defendants continued to infringe trademarks); *Aquavit* 2019 WL 8756622, at *4, 5, 7 (holding that the clear and convincing

evidence standard was met where plaintiff offered proof that defendants continued to make website accessible to U.S. customers); *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.,* No. 96 CIV. 9721PKLTHK, 2002 WL 2012618, at *8 (S.D.N.Y. Sept. 3, 2002) (finding that plaintiff had adduced clear and convincing proof by showing defendant failed to remove infringing content from the Internet).

### C.    Defendants Have Not Been Reasonably Diligent in Attempting to Comply With the PI Order

Defendants' complete failure to take reasonable steps to comply with the PI Order demonstrates a profound lack of diligence. *See Aquavit*, 2019 WL 8756622, at *6 ("A defendant is not reasonably diligent, however, when they ignore a court order or take only superficial actions that strain both the language and intent of the order." (quotation marks and citation omitted)). Despite clear notice of the PI Order and its specific prohibitions, and acknowledgement of same, *see* Gates Decl. ¶¶ 4–6, Ex. A, Defendants failed to remove an excessive amount of infringing content from their various websites and social media accounts, including content that was previously identified. *See id.* ¶¶ 8–18, Ex. B–K; *see also* ECF Nos. 39-2, 39-3. Michaels, who is behind both FIFTF Ltd. and FIFTF Inc., claimed in a LinkedIn post that he understands that the PI Order "bars me from using certain names, domains, or imagery while the case plays out," *see* Gates Decl. ¶ 7, Ex. B, but Defendants' failure to remove any of the dozens and dozens of posts across multiple different websites and social media accounts demonstrates a complete lack of diligence.

Rather, Defendants, through their excessive, daily filings with the Court, have demonstrated a willful disregard of the Court's rules and procedures. *See, e.g.*, ECF Nos. 23, 27, 29, 30, 32, 34, 40, 41, 43, 44, 46, 47, 49, 50, 51, 53, 56, 57, 59, 60, 63. Michaels has also repeatedly expressed disdain for the Court, for Plaintiff's lawyers, and for the legal process through his callous and flippant social media remarks. *See* Gates Decl. ¶¶ 19, Ex. L. For example, Michaels called

the PI Order "corporate cosplay worth less than a beer mat at halftime" and "a muzzle built on

sand." *See id.*  Such inaction and deliberate disregard are more than sufficient to warrant a finding

of contempt.  *See Aquavit*, 2019 WL 8756622, at *7 (finding that the defendants were not

reasonably diligent where their actions were "half-hearted at best, and purposeful, intentional and

willful at worst"); *Yurman*, 2009 WL 454275, at *3 (holding that the defendant's efforts were not

reasonably diligent "when plaintiffs were able to perform a manual search of the website and

identify the violating instances within hours").  The Court should therefore hold Defendants in

contempt for their ongoing violations of the PI Order.

## II.     THE COURT SHOULD IMPOSE COERCIVE SANCTIONS AGAINST DEFENDANTS AND COMPENSATE PLAINTIFF FOR ITS ATTORNEYS' FEES AND COSTS INCURRED IN MAKING THIS MOTION

Havin established that Defendants are in civil contempt of the Court's PI Order, Plaintiff

respectfully requests the Court impose appropriate sanctions.  "Civil sanctions have two purposes:

to coerce compliance with a court order and to compensate a plaintiff."  *CBS Broad. Inc. v.

FilmOn.com, Inc.*, 814 F.3d 91, 101 (2d Cir. 2016).  For coercive sanctions, the Second Circuit

has instructed district courts to weigh the following factors: "(1) the character and magnitude of

the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested

sanction in bringing about compliance; and (3) the contemnor's financial resources and the

consequent seriousness of the burden of the sanction upon him."  *Dole Fresh Fruit Co. v. United

Banana Co.*, 821 F.2d 106, 110 (2d Cir. 1987).  For compensatory sanctions, courts may award a

movant its attorneys' fees and costs.  *See Broker Genius Inc. v. Seat Scouts LLC*, No. 17-CV-8627

(SHS), 2019 WL 2462333, at *3 (S.D.N.Y. June 13, 2019).  Both sanctions are warranted here.

The Court should award coercive sanctions against Defendants in the form of a prospective

daily fine for each day that Defendants remain in noncompliance until they fully purge their

contempt.  First, Defendants' outstanding uses of the Cosmos Marks and false claims of ownership

of the soccer team create a substantial risk of consumer confusion and, indeed, have already led to consumer confusion. *See* ECF No. 17 ¶¶ 24, 30–44. The danger of this confusion is particularly acute at this time when Plaintiff is selling season tickets and prepares for upcoming soccer matches as the Cosmos soccer team reenters professional competition in early 2026. *See id.* ¶¶ 20–21. Second, imposing a daily fine is likely to compel Defendants to comply with the PI Order. If Defendants were forced to put their money where their mouth is, so to speak, they may be more likely to curb their ongoing violations. Third, a daily fine should be sufficient to compel Defendants' compliance. *See Holiday Park Drive, LLC v. Newist Corp.*, No. 23-CV-2623 (AMD) (JMW), 2024 WL 4802751, at *14 (E.D.N.Y. Nov. 15, 2024) ("A per-diem fine is widely recognized as an effective coercive tool." (citation omitted)). Defendants have complained about their financial wherewithal, but Delaware Secretary of State records for FIFTF, Inc. show that its estimated tax liability is $54,365.60, which suggests that its annual income is significant. *See* ECF No. 39 ¶ 7, Ex. E. Further, Michaels apparently runs several different businesses and he has publicly touted his success and value in the past.[5] *See, e.g.*, Gates Decl. ¶ 20, Ex. M. He has even indicated that he has spent "£100K+" in personal IP filings for Cosmos marks. *See id.* ¶ 14, Ex. H at 16. Accordingly, Plaintiff proposes a prospective daily fine of no less than $2,500 for each day that Defendants remain in noncompliance until they fully purge their contempt. *See, e.g.*, *Nat'l Basketball Ass'n*, 289 F. Supp. 2d at 378 ($2,500 daily fine); *A.V. by Versace, Inc.*, 2002 WL 2012618, at *11 ($2,000 daily fine); *Chere Amie, Inc. v. Windstar Apparel, Corp.*, 175 F. Supp. 2d 562, 567 (S.D.N.Y. 2001) ($10,000 daily fine).

---

[5] Despite this, since August 2025, Michaels has repeatedly represented under penalty of perjury to the Court, in multiple requests to proceed *in forma pauperis*, that he is "unable to pay the $402 filing fee without serious financial hardship." *See, e.g.*, *Michaels v. Mediacom Commc'ns Corp.*, Case No. 1:25-cv-06596-RA-SDA (Aug. 7, 2025), ECF No. 2.

Additionally, the Court may award Plaintiff its attorneys' fees and costs incurred in bringing this Motion as a compensatory sanction. *See Al Hirschfeld Found. v. Margo Feiden Galleries Ltd.*, 438 F. Supp. 3d 203, 210 (S.D.N.Y. 2020) ("As to the remedy for defendants' breaches, the Court's objective is to recompense [Plainitffs] for the fees and costs that, but for these breaches, it would not have incurred."); *accord Hudson*, 2023 WL 6214908, at *17 (awarding "attorneys' fees and costs incurred in seeking compliance with the Court's preliminary injunction as a sanction for contempt"). Compensation of attorneys' fees is warranted here because Defendants willfully disregarded the PI Order and forced Plaintiff's hand in filing this Motion. *See Aquavit*, 2019 WL 8756622, at *10 ("Awarding attorneys' fees and costs to the plaintiff establishing contempt is particularly appropriate in a case like this where the Defendants have acted willfully in violating the Injunction."). Defendants feign compliance with the PI Order, but in reality they failed to remove any of the infringing content from the various websites and social media accounts. *See* Gates Decl. ¶¶ 8–18, Exs. B–K. Then, when Plaintiff's counsel raised the violations of the PI Order to Defendants' attention, Michaels responded: "Compliance issues are before Judge Garnett; please raise any further concerns through the Court with specific URLs if you contend a violation." *Id.* ¶¶ 4, 6, Ex. A. Plaintiff thus had no choice but to file this Motion and incur additional attorneys' fees and costs as a result. Accordingly, the Court should order Defendants to pay Plaintiff its attorneys' fees and costs incurred in seeking compliance with the Court's PI Order as a compensatory sanction for their contempt.[6]

---

[6] Plaintiff respectfully requests leave of Court to submit a fee application, should the Court grant the requested relief. *See, e.g.*, *Holiday*, 2024 WL 4802751, at *15 (finding that the plaintiff is "entitled to attorneys' fees in an amount to be determined" and setting deadline for submission of a "memorandum and affidavits in support itemizing total attorneys' fees and costs associated with" the plaintiff's motion for contempt).

## **CONCLUSION**

Accordingly, Plaintiff respectfully requests that the Court grant Plaintiff's Motion, hold

Defendants in civil contempt, and impose appropriate sanctions against Defendants.

Dated: October 2, 2025                                        Respectfully submitted,
      New York, New York

                                         By:    /s/ Robert M. Wasnofski, Jr.
                                               Robert M. Wasnofski, Jr.
                                                 Sara Gates
                                               Grace A. Rawlins
                                               DENTONS US LLP
                                               1221 Avenue of the Americas
                                             New York, NY 10020-1089
                                             Phone: (212) 768-6748
                                             Fax: (212) 768 6800
                                             robert.wasnofski@dentons.com
                                             sara.gates@dentons.com
                                             grace.rawlins@dentons.com

                                             *Attorneys for Plaintiff Hinchliffe Sports*
                                             *Partners, LLC d/b/a Cosmos*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Civil Rule 7.1(c), and Your Honor's Individual Practices, Section III.B, I certify that this Memorandum of Law complies with the Court's word-count limitation. According to the word-processing program used to prepare this document, the word count is 4,541 words, excluding the caption, table of contents, table of authorities, signature block, and this certificate of compliance.

Dated: October 2, 2025             <u>/s/ Robert M. Wasnofski, Jr.</u>
                                                  Robert M. Wasnofski, Jr.