UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Hinchliffe Sports Partners, LLC d/b/a Cosmos,<br><br>                    Plaintiff,<br><br>-against-<br><br>Football Is For The Fans Ltd., et al.,<br><br>                    Defendants. | 1:25-cv-06984 (RA) (SDA)<br><br>**ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

On October 2, 2025, *pro se* Defendant Scott Michaels ("Michaels") filed an application for the appointment of pro bono counsel. (Michaels' 10/2/25 App., ECF No. 68.) In his application, he argues, among other things, that he needs the assistance of counsel because "[t]his case involves unusually complex trademark and procedural issues." (*Id*. at PDF p. 1.)

Although Michaels' application arises in the less common context of a *pro se* defendant as opposed to a *pro se* plaintiff, the statute authorizing the appointment of pro bono counsel in civil actions applies to both plaintiffs and defendants. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

The Second Circuit previously has analyzed this statute in the context of a *pro se* plaintiff. In determining whether to grant an application for counsel, the Court must consider

> the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel.

*Cooper v. A. Sargenti Co., Inc*., 877 F.2d 170, 172 (2d Cir. 1989). As a threshold matter, however, in order to qualify for appointment of counsel, a plaintiff must demonstrate that his claim has

substance or a likelihood of success. *See Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986). Moreover, in considering a request for appointment of counsel, the Court must be cognizant of the fact that volunteer attorney time is a precious commodity, and thus, should not grant appointment of counsel indiscriminately. *See Cooper*, 877 F.2d at 172.

Applying these principles here, in the context of a *pro se* defendant, Michaels' application is DENIED. Based upon the Court's examination of the record in this case, Michaels has not shown that his defense to Plaintiff's claims has substance or that Michaels has a likelihood of success. Michaels therefore has failed to make the threshold showing necessary for an appointment of pro bono counsel.

**SO ORDERED.**

Dated:   New York, New York
         October 3, 2025

_____
STEWART D. AARON
United States Magistrate Judge