UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Hinchliffe Sports Partners, LLC d/b/a Cosmos,<br><br>                              Plaintiff,<br><br>-against-<br><br>Football Is For The Fans Ltd., et al.,<br><br>                              Defendants. | 1:25-cv-06984 (RA) (SDA)<br><br>**ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

On October 5, 2025, *pro se* Defendant Scott Michaels ("Michaels") filed a notice of interlocutory appeal from the Court's Order at ECF No. 42 granting Plaintiff a preliminary injunction. (Michaels' Not. of Interloc. App., ECF No. 78.)[1]

"An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Pursuant to Rule 62.1 of the Federal Rules of Civil Procedure, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may[,]" among other things, "deny the motion[.]" Fed. R. Civ. P. 62.1. Accordingly, the Court hereby DENIES WITHOUT PREJUDICE the following motions made by Michaels, which all relate to the preliminary injunction, since the Court lacks authority to grant them: ECF No. 43 (amended

---

[1] Michaels also appealed from the Court's Order at ECF No. 71 denying Michaels' application for the appointment of counsel. (*See* Michaels' Not. of Interloc. App. at PDF p. 1.)

motion seeking to dissolve or modify preliminary injunction)[2]; ECF No. 50 (motion to dismiss for lack of personal jurisdiction and insufficient service[3] or, in the alternative, to dissolve or vacate preliminary injunction); ECF No. 53 (motion to clarify, modify or suspend preliminary injunction order); ECF No. 57 (second amended motion to dissolve or vacate preliminary injunction); and ECF No. 85 (motion seeking vacatur or dissolution of preliminary injunction).

Notwithstanding the foregoing, unless and until a stay of enforcement of the preliminary injunction is granted,[4] the preliminary injunction remains in full force and effect. Moreover, the Plaintiff's application for contempt sanctions against Michaels shall proceed in this Court. *See Milltex Indus. Corp. v. Jacquard Lace Co., Ltd.*, 55 F.3d 34, 40 n.14 (2d Cir. 1995) ("The fact that a court order might be unlawful does not, of course, give a lawyer or client license to violate it; to

---

[2] The Second Circuit has "held that where an appeal of an injunction is pending, Federal Rule of Civil Procedure 62 grants the district court specific authority to 'suspend, modify, restore, or grant an injunction during the pendency of the appeal,' but that the Rule should be 'narrowly interpreted to allow district courts to grant only such relief as may be necessary to preserve the status quo.'" *New York v. United States Dep't of Homeland Sec.*, 974 F.3d 210, 215 (2d Cir. 2020) (quoting *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Eastern Air Lines, Inc.*, 847 F.2d 1014, 1018 (2d Cir. 1988)). Because dissolution or modification would alter, not "preserve," the status quo, the relief sought by Plaintiff is beyond the power granted to the Court under Rule 62.

[3] In his notice of interlocutory appeal, in his challenge to the preliminary injunction entered against him, Michaels expressly raises issues regarding the Court's jurisdiction over him, as well as service of process issues. (*See* Michaels' Not. of Interloc. App. at PDF pp. 3-4.)

[4] In his notice of interlocutory appeal, Michaels "requests that [this] Court (or, upon transmittal, the Second Circuit) stay enforcement of the Preliminary Injunction (ECF 42) and all related contempt or sanctions proceedings pending resolution of this appeal." (*See* Michaels' Not. of Interloc. App. at PDF p. 4.) The ECF docket reflects that, on October 7, 2025, the notice of appeal was transmitted to the Second Circuit, thus signifying that Michaels will seek any stay of enforcement in the Second Circuit. If it is Michaels' intention to seek a stay in this Court, rather than the Second Circuit, he must file a properly supported motion seeking such relief. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (In deciding whether to issue a stay pending appeal, a court must consider four factors: (1) whether the movant has "made a strong showing" that it "is likely to succeed on the merits"; (2) whether the movant "will be irreparably injured absent a stay"; (3) whether a stay "will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies.").

the contrary, the proper course is to adhere to the order until-and unless-it is vacated."); *Leighton v. Paramount Pictures Corp.*, 340 F.2d 859, 861 (2d Cir. 1965) ("It is axiomatic that a court order must be obeyed, even assuming its invalidity, until it is properly set aside." (citing *United States v. United Mine Workers of America*, 330 U.S. 258, 289-95 (1947)); *Fed. Trade Comm'n v. Verity Int'l, Ltd.*, 140 F. Supp. 2d 313, 315 (S.D.N.Y. 2001), *vacated in part*, 443 F.3d 48 (2d Cir. 2006) ("In most circumstances, the validity of an order is not an appropriate consideration on a contempt motion, as a court order ordinarily must be obeyed unless and until it is reversed or vacated.").

During the telephonic status conference that will take place on Wednesday, October 15, 2025, at 10:00 a.m. EDT, the Court will schedule a contempt hearing.

**SO ORDERED.**

Dated:   New York, New York
         October 10, 2025

_____
STEWART D. AARON
United States Magistrate Judge