UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Hinchliffe Sports Partners, LLC d/b/a Cosmos,<br><br>　　　　　　　　　　Plaintiff,<br><br>　-against-<br><br>Football Is For The Fans Ltd., et al.,<br><br>　　　　　　　　　　Defendants. | 1:25-cv-06984 (RA) (SDA)<br><br>**ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a motion by *pro se* Defendant Scott Michaels ("Michaels") for "reconsideration and clarification of the Court's October 3, 2025 Order [entered at ECF No. 71] denying his application for pro bono counsel[,]" which the Court construes as a motion under Rule 60(b) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3.[1] (Michaels' 10/5/25 Mot. for Reconsid., ECF No. 76.)

"'The standard for granting . . . a [reconsideration] motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that

---

[1] "Motions for reconsideration are governed by Local Civil Rule 6.3 and Rule 60(b), Fed. R. Civ. P." *Preble-Rish Haiti, S.A. v. Republic of Haiti*, No. 21-CV-04960 (PKC), 2023 WL 4210057, at *1 (S.D.N.Y. June 27, 2023). "A district court may grant relief from an order pursuant to Rule 60(b) if certain grounds are shown." *Id*. For example, if there was "mistake, inadvertence, surprise, or excusable neglect" or if there is "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Local Civil Rule 6.3 specifically addresses motions for reconsideration. S. & E.D.N.Y. Loc. Civ. R. 6.3. Notwithstanding the pendency of Michaels' appeal from the Court's Order denying his application for appointment of pro bono counsel (*see* Not. of Interloc. Appeal, ECF No. 78), the Court has jurisdiction to entertain and deny Michaels' motion. *See Stewart Park & Rsrv. Coal. Inc. (SPARC) v. Slater*, 374 F. Supp. 2d 243, 251, 2005 WL 1484506 (N.D.N.Y. 2005) ("district court may entertain and deny a Rule 60(b) motion filed during the pendency of an appeal without disturbing the jurisdiction of the Court of Appeals" (citing *Toliver v. Cnty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) (emphases omitted)).

the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[2] *Preble-Rish Haiti, S.A.*, 2023 WL 4210057, at *1 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also McGraw-Hill Global Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 398 (S.D.N.Y. 2018) (party's "disagreement with [the] Court's explication of the relevant legal standards and application of the standards to the facts of [the] case" not basis for reconsideration motion). Rule 60(b) motions for reconsideration "allow[ ] extraordinary judicial relief" and thus should be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). The decision to grant or deny a motion for reconsideration is within the district court's discretion. *See Bailey v. Interbay Funding, LLC*, No. 21-146, 2022 WL 852851, at *2 (2d Cir. Mar. 23, 2022).

In the present case, Michaels has not met the standard for reconsideration. He does not point to anything that the Court overlooked, let alone anything that alters the conclusion reached by the Court. Moreover, the Court finds that there is nothing in the underlying Order that needs clarification. The Order denying the appointment of counsel states: "Based upon the Court's examination of the record in this case, Michaels has not shown that his defense to Plaintiff's claims has substance or that Michaels has a likelihood of success." (10/3/25 Order, ECF No. 71, at 2.) The Court adheres to this statement, and notes that it is consistent with Judge Garnett's statement in the Order granting Plaintiff's motion for a preliminary injunction that "Plaintiff is

---

[2] Local Civil Rule 6.3 requires the moving party to file "a memorandum setting forth concisely the matters or controlling decisions which the moving party believes the court has overlooked." S. & E.D.N.Y. Loc. Civ. R. 6.3. No such memorandum was filed here.

likely to prevail on its Lanham Act and related state law claims at trial[.]" (9/16/25 Order, ECF No. 42, at 1.)

Accordingly, Michaels' motion for reconsideration and clarification (ECF No. 76) is DENIED.

**SO ORDERED.**

Dated:   New York, New York
         October 10, 2025

_____
STEWART D. AARON
United States Magistrate Judge