UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Hinchliffe Sports Partners, LLC d/b/a Cosmos,<br><br>                              Plaintiff,<br><br>-against-<br><br>Football Is For The Fans Ltd., et al.,<br><br>                              Defendants. | 1:25-cv-06984 (RA) (SDA)<br><br>**OPINION AND ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

On October 3, 2025, *pro se* Defendant Scott Michaels ("Michaels") filed a motion, pursuant to Rules 17(a) and 19 of the Federal Rules of Civil Procedure, to substitute Cosmos Soccer Club LLC ("CSCL"), in place of Plaintiff Hinchliffe Sports Partners, LLC ("Hinchliffe"), in this action, or to join CSCL as a Plaintiff in this action. (Michaels' 10/3/25 Mot., ECF No. 75.) For the reasons set forth below, Michaels' motion to substitute or join is DENIED.

**MOTION TO SUBSTITUTE UNDER RULE 17(a)**

Rule 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). To be a real party in interest under Rule 17(a), the "action must be brought by the person who, according to the governing substantive law, is entitled to enforce the right." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003) (citation omitted). In the present case, Hinchliffe (not CSCL) is the real party in interest because Hinchliffe acquired all right, title and interest in and to the Cosmos Marks from CSCL in a July 2025 transaction (*see* Stover 9/4/25 Decl., ECF No. 17, ¶¶ 16, 18; *see also* Trademark Assignment, ECF No. 117-1), and

thus is entitled to enforce its trademark rights. Accordingly, there is no basis to substitute CSCL in place of Hinchliffe under Rule 17(a).

## MOTION TO JOIN UNDER RULE 19

Rule 19 provides two grounds for compulsory joinder of a party "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a). The first is that, in that party's absence, "the court cannot accord complete relief among existing parties[.]" Fed. R. Civ. P. 19(a)(1)(A). The second is where "that [party] claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party's] absence may: (i) as a practical matter impair or impede the [party's] ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). Under Rule 19(a)(2), the Court only may make a party an "involuntary plaintiff" in a "proper case." *See* Fed. R. Civ. P. 19(a)(2).

As noted above, Hinchliffe acquired all right, title and interest in and to the Cosmos Marks from CSCL in a July 2025 transaction. Thus, complete relief can be accorded without CSCL being a party in this case. *See Alcon Vision, LLC v. Lens.com, Inc.*, No. 18-CV-00407 (NG) (RLM), 2022 WL 1665453, at *9 (E.D.N.Y. May 25, 2022) ("A party that has assigned its entire interest in United States trademark rights is generally not treated as a necessary party." (citation omitted)). Moreover, Michaels has made no showing that CSCL is claiming any interest relating to the subject of this action. Accordingly, there is no basis to join CSCL as an involuntary plaintiff in this action under Rule 19.

2

**CONCLUSION**

For the foregoing reasons, Michaels' motion to substitute or join is DENIED.[1]

**SO ORDERED.**

Dated:    New York, New York
          November 8, 2025

*Stewart D. Aaron*
_____
STEWART D. AARON
United States Magistrate Judge

---

[1] Because Michaels' motion to substitute or join is denied, his related request for expedited discovery is moot.